IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA TAYLOR,<br>11236 Cherry Hill Rd., Apt. T-1<br>Beltsville, Maryland 20705<br><br>and<br><br>TAWFIK BOULOS<br>501 W. Lake St.<br>McCall, ID 83638<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>OMNI HOTELS MANAGEMENT<br>CORPORATION,<br>420 Decker Dr.<br>Irving, Texas 75062<br><br>and<br><br>OMNI HOTELS CORPORATION<br>420 Decker Dr.<br>Irving, Texas 75062<br><br>　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  Case No.:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## NOTICE OF REMOVAL

Defendants Omni Hotels Management Corp. and Omni Hotels Corp. (collectively hereinafter "Omni Hotels") hereby remove to this Court the state court action described below.

1.　　On March 18, 2005, Plaintiffs Sandra Taylor ("Taylor") and Tawfik Boulos ("Boulos") (collectively hereinafter "Plaintiffs") commenced an individual action against Omni Hotels in the Superior Court for the District of Columbia, Civil Division, entitled <u>Sandra Taylor, et al. v. Omni Hotels Management Corporation, et al.</u>, No. 05ca002031 (the "State Court Action").

2. Service of the Initial Order, Summons, and Complaint were purportedly effected on May 13, 2005, via Certified Mail, on Omni Hotels.

3. This Notice of Removal is filed within thirty days after a copy of the Initial Order, Summons, and Complaint in the State Court Action were purportedly served on Omni Hotels and therefore is timely filed pursuant to 28 U.S.C. § 1446(b).

4. Copies of all process, pleadings and orders served upon Omni Hotels in the State Court Action are attached hereto as Exhibit 1.

5. A copy of the written notice required by 28 U.S.C. § 1446(d), addressed to the adverse party and to the Clerk of the Superior Court for the District of Columbia, Civil Division, is attached hereto as Exhibit 2 and will be filed in the State Court Action and forwarded to Plaintiffs upon the filing of this Notice of Removal.

6. This action is removable pursuant to the provisions of 28 U.S.C. § 1441(b). It is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332, in that Plaintiffs' claims are based on a federal question, specifically 42 U.S.C. § 1981, and in that diversity of citizenship exists between the parties.

## JURISDICTION EXISTS UNDER 28 U.S.C. § 1331

### Federal Question.

7. Plaintiffs filed their suit pursuant to 42 U.S.C. § 1981. (Complaint ¶¶ 45 – 51.)

8. Thus, under 28 U.S.C. § 1331, Plaintiffs raised a federal question in their suit.

9. Consequently, the State Court Action is removable to Federal Court.

## JURISDICTION EXISTS UNDER 28 U.S.C. § 1332

### Diversity.

10. Plaintiff Taylor is a resident of the State of Maryland and Plaintiff Boulos is a resident of the State of Idaho. (Complaint ¶ 1).

11. Defendants Omni Hotels Management Corp. and Omni Hotels Corp. are incorporated under the laws of the State of Delaware and have their principal place of business in the State of Texas. As such, Defendants Omni Hotels Management Corp. and Omni Hotels Corp. are citizens of the State of Delaware and Texas. 28 U.S.C. § 1332(c)(1).

12. The amount in controversy is deemed to exceed $75,000.00, as required under 28 U.S.C. § 1332. On May 31, 2005, Defendants' counsel requested Plaintiffs' counsel stipulate to the damages in this case. (Exhibit 3). Plaintiffs refused to do so and, as such, damages in the case at bar are deemed to exceed the statutory requirement of $75,000.00. *In re Shell Oil*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam) ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints…."). *See also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *In re Shell*, 970 F.2d at 356).

13. Thus, under 28 U.S.C. § 1332, diversity jurisdiction exists.

14. Consequently, the State Court Action is removable to Federal Court.

15. Accompanying this Notice of Removal are a Civil Cover Sheet and a check in the amount of $250.00 representing the required filing fee.

WHEREFORE, Defendants Omni Hotels Management Corp. and Omni Hotels Corp. remove the State Court Action from the Superior Court for the District of Columbia, Civil Division, to the United States District Court for the District of Columbia, and pray that this Court

take jurisdiction of this civil action to the exclusion of any further proceedings in said State Court.

Dated: June 10, 2005

Respectfully submitted,

*Amy L. Bess*
Amy L. Bess, D.C. Bar No. 418985
Sonnenschein Nath & Rosenthal LLP

1301 K St., NW, Suite 600, East Tower
Washington, DC 20005

Counsel for Omni Hotels Management Corp. and Omni Hotels Corp

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2005, I caused a copy of the foregoing Notice of Removal to be served by facsimile and U.S. Mail, first class postage prepaid, on:

Leizer Z. Goldsmith
1900 L Street, NW Suite 614
Washington, D.C. 20036

*Amy L. Bess*
Amy L. Bess