SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Sandra Taylor<br>11236 Cherry Hill Road, Apt. T-1<br>Beltsville, MD 20705,<br><br>and<br><br>Tawfik Boulos<br>501 West Lake Street<br>McCall, ID 83638,<br><br>Plaintiffs,<br><br>v.<br><br>Omni Hotels Management Corporation<br>420 Decker Drive<br>Irving, Texas 75062-3952,<br><br>and<br><br>Omni Hotels Corporation<br>420 Decker Drive<br>Irving, Texas 75062-3952,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

RECEIVED
Civil Clerk's Office

MAY 1 1 2005

Superior Court of the
District of Columbia

Civil Action No. 05ca002031
Calendar No. 10
Judge Patricia A. Broderick
Next Event: Initial Conference:
6/17/05 9:30 A.M.

JURY TRIAL DEMANDED

## FIRST AMENDED COMPLAINT

(Race and National Origin Discrimination, and Retaliation in Employment,
in Violation of 42 U.S.C. §1981)

**COME NOW** the Plaintiffs, Sandra Taylor and Tawfik ("Paul") Boulos, and in

support of their cause of action allege as follows:

### I.    PARTIES

1.    Plaintiff Sandra Taylor ("Taylor" or "Plaintiff") is African American and a resident of the state of Maryland; Plaintiff Tawfik Boulos ("Boulos" or "Plaintiff") is a resident of the state of Idaho. At all times relevant to this action prior to her termination, Taylor was an Assistant Executive Housekeeper and/or Laundry Manager at Defendants' Omni Shoreham Hotel, Washington, D.C.  At all times relevant to this action prior to his termination, Boulos was Executive Housekeeper at Defendants' Omni Shoreham Hotel, Washington, D.C.

2.    Defendant Omni Hotels Management Corporation operates the Omni Shoreham Hotel in Washington, D.C., doing business as "Omni Shoreham Hotel."

3.    Defendant Omni Shoreham Hotel is a member of the Omni Hotels family and operates as a hotel in Washington, D.C.

4.    Defendant Omni Hotels Corporation is a privately owned company headquartered in Irving, Texas, comprised of 40 full-service, first-class and luxury hotels and resorts located in key primary and secondary cities, in operation or under development, in the United States, Canada and Mexico. One of those hotels is the Omni Shoreham, in Washington, D.C., which is operated for Omni Hotels Corporation by Omni Hotels Management Corporation.

### II.    JURISDICTION AND VENUE

5.    This Court has jurisdiction of the case pursuant to 42 U.S.C. Sec. 1981 et. seq., and 28 U.S.C. 1331, 1343(a).

6.    Venue properly lies in this Court because the controversy involves Defendants' discriminatory and retaliatory treatment of Taylor and Boulos, with regard to their employment at the Omni Shoreham Hotel, in the District of Columbia.

### III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.    No particular administrative remedies need be exhausted under the applicable federal law.

### IV.    FACTS SUPPORTING TAYLOR'S AND BOULOS' CLAIMS

8.    Taylor was hired by Defendants in or around April 1999, as the Assistant Executive Housekeeper.

9.    Said Elkhodary ("Elkhodary") was promoted to Rooms Division Director in or around September 1999.

10.    After he became the Rooms Division Director, Elkhodary routinely harassed Taylor on account of her race.

11.    Elkhodary's harassment of Taylor included, but was not limited to routine, unjustified belittling of Taylor in front of the employees under her immediate supervision.

12.    In or around April 2001, Elkhodary accused Taylor of doctoring her monthly report.

13.    Elkhodary also harassed Taylor by making inappropriate comments about her during meetings with other management officials.

14.    Boulos was hired by Defendants in or around January 2001, as the Executive Housekeeper.

15.    From the inception of Boulos' employment with Defendants, Elkhodary communicated to Boulos that he did not like African Americans.

16.    For instance, shortly after the commencement of Boulos' employment with Defendants, Elkhodary said that Boulos should not move to College Park Maryland because there are "too many Blacks."

3

17.    From the inception of Boulos' employment with Defendants, Elkhodary made it clear that he wanted Boulos to terminate Taylor.

18.    In or around February 2001, Taylor was demoted from Assistant Executive Housekeeper to Laundry Manager.

19.    Boulos did not participate in the decision to effect the demotion.

20.    In April 2001, Taylor told Boulos and Nat Foxworth ("Foxworth"), Omni Shoreham's Human Resources Director, that she thought Elkhodary was discriminating against her because of her race.

21.    On Sunday, June 3, 2001, Taylor was confronted and publicly admonished by Elkhodary.

22.    On Sunday, June 3, 2001, Taylor was constructively discharged, when she resigned her employment because she could no longer tolerate Elkhodary's harassment.

23.    In her exit interview on Monday, June 4, 2001, Taylor reiterated her belief that Elkhodary was discriminating against her because of her race.

24.    On June 6, 2001, Boulos was injured on the job.

25.    Boulos returned to work the next day, but the pain from his injury did not subside and he was forced to seek medical treatment on June 11, 2001. Boulos' doctor advised him not to return to work until June 13, 2001.

26.    On June 12, 2001 Taylor filed a Charge of Discrimination (based on sex and race) with the Washington D.C. Office of Human Rights.

27.    Boulos returned to his doctor on June 18, 2001, and was advised to stay off work.

28.    On June 25, 2001 Taylor filed for unemployment compensation.

4

29.     In an early summer phone conversation with Chuck Wang ("Wang"), defendant's management official, Wang asked Taylor "what can we do for you?" to get Taylor to drop her discrimination complaint.

30.     Taylor responded by telling Wang that he should make sure that her request for unemployment compensation went through.

31.     As of August 9, 2001, Defendants were not obstructing Boulos' workers compensation claim.

32.     In or around August 2001, Boulos met with management official Jean Allen ("Allen") in her office.

33.     Allen told Boulos that Taylor had filed for unemployment at the office of D.C. Office of Unemployment Compensation, and had filed a discrimination complaint at the D.C. Office of Human Rights.

34.     Allen told Boulos that he would likely be called as a witness at Taylor's unemployment compensation hearing.

35.     Allen asked Boulos what he thought he might say at the hearing.

36.     Boulos told Allen that he wanted her assistant, Vikki Finn ("Finn") in the room to document the conversation.

37.     Boulos told Allen and Finn that he thought Elkhodary had discriminated against Taylor because of her race.

38.     Just days before Taylor's unemployment compensation hearing, Allen and management official Peter Austin ("Austin") called Boulos to discuss his workers compensation claim.

39.     According to Allen and Austin, Boulos had to return to work or face termination because on or around August 22, 2001.

40.    ·On August 24, 2001, in an attempt to keep his employment, Boulos returned to work.

41.    In or around September 6, 2001 Boulos testified at Taylor's unemployment compensation hearing.

42.    As Boulos believed that Taylor had been a victim of discrimination, Boulos' testimony was supportive of Taylor.

43.    On September 10, 2001, in retaliation for his opposition to Defendants' discrimination as practiced against Taylor, Boulos was asked to resign his position.

44.    Boulos refused to resign his position and was terminated by Austin in retaliation for his protected activity.

## VI.    STATEMENT OF CLAIM

**COUNT ONE:**    **RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981 (AS TO PLAINTIFF TAYLOR)**

45.    Plaintiffs adopt and incorporate by reference paragraphs 1-44 above.

46.    42 U.S.C. §1981 guarantees the equal right to make and enforce contracts regardless of race, and prohibits employers from propagating a hostile work environment on account of race.

47.    As summarized above, Defendants discriminated against Plaintiff Taylor by compelling her to perform extra work without corresponding pay, and by subjecting her to a hostile work environment on account of race, which ultimately compelled her to resign her employment under duress.

48.    As a result of the discrimination imposed upon her, including her constructive discharge, Plaintiff is suffering considerable injury, both financial and emotional.

6

her to a hostile work environment on account of race, which ultimately compelled her to resign her employment under duress.

48.    As a result of the discrimination imposed upon her, including her constructive discharge, Plaintiff is suffering considerable injury, both financial and emotional.

**COUNT TWO:        RETALIATORY TERMINATION IN VIOLATION OF 42 U.S.C. §1981 (AS TO PLAINTIFF BOULOS)**

49.    Plaintiffs adopt and incorporate by reference paragraphs 1-48 above. 42 U.S.C. §1981 makes it unlawful to retaliate against any individual, for engaging in activity in opposition to Title VII of the Civil Rights Act of 1964.

50.    As summarized above, Defendants retaliated against Plaintiff Boulos by terminating his employment on account of his expressions of protected opposition to Defendant's race discrimination against Plaintiff Taylor.

51.    As a result of that retaliation, Plaintiff Boulos is suffering considerable injury, both financial and emotional.

**REMEDIES**

**WHEREFORE**, the Plaintiffs pray that the Court grant them the following relief:

a.    A declaratory judgment that Defendants' conduct violated their rights;

b.    Compensatory damages against Defendants, for emotional, non-pecuniary harm resulting as a consequence of Defendant's' unlawful actions, in a precise amount to be determined by the jury;

c.    Compensatory damages, for consequential financial harms incurred by Plaintiffs as a result of Defendants' unlawful actions, including but not limited to lost wages and benefits;

g.  Reasonable attorneys' fees, expenses and costs, as specifically authorized

by statute, to be calculated by the Court pursuant to the established

procedures and precedents; and

h.  Such other relief as the court shall deem just and proper.

### JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues of fact and damages raised in this

case.

Respectfully submitted,

THE GOLDSMITH LAW FIRM, LLC

Leizer Z. Goldsmith    D.C. Bar No. 419544
1900 L Street, N.W. Suite 614
Washington, D.C. 20036
Tel:    202-775-0040
Fax:    202-318-0798

Attorney for Plaintiffs Taylor and Boulos

8