IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SANDRA TAYLOR**, 11236 Cherry Hill Rd., Apt. T-1 Beltsville, Maryland 20705<br><br>and<br><br>**TAWFIK BOULOS** 501 W. Lake St. McCall, ID 83638<br><br>**Plaintiffs,**<br><br>vs.<br><br>**OMNI HOTELS MANAGEMENT CORPORATION,** 420 Decker Dr. Irving, Texas 75062<br><br>and<br><br>**OMNI HOTELS CORPORATION** 420 Decker Dr. Irving, Texas 75062<br><br>**Defendants.** | **Case No. 1:05CV01175**<br>**Judge Henry H. Kennedy** |

## DEFENDANTS' ORIGINAL ANSWER

Defendants Omni Hotels Management Corporation and Omni Hotels Corporation (collectively referred to as "Omni") hereby file their Original Answer as follows:

1.  Defendants admit that Plaintiff Sandra Taylor ("Taylor") is African-American. Defendants also admit that Taylor was employed by Defendants at the Omni Shoreham Hotel as Assistant Executive Housekeeper and later as the Laundry Manager. Defendants also admit that Plaintiff Tawfik Boulos ("Boulos") was employed at the Omni Shoreham as the Executive Housekeeper. Defendants are

Original Answer - Page 1

without sufficient information to admit or deny the remaining allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3. Defendants deny that Omni Shoreham Hotel is a named Defendant in this action. Defendants admit that the Omni Shoreham Hotel is a member of the Omni family of hotels and operates as a hotel in Washington, D.C.

4. Defendants admit the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. Defendants admit that this Court has jurisdiction over this matter.

6. Defendants admit that venue is proper.

7. Defendants admit the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14. Defendants admit the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22. Defendants admit that Plaintiff resigned from her position on or about June 3, 2001. Defendants deny the remaining allegations in Paragraph 22 of Plaintiffs' Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24. Defendants admit that Plaintiff Boulos reported an on-the-job injury on or about June 6, 2001.

25. Defendants admit that Plaintiff Boulos returned to work for a short time after his injury. Defendants also admit that Plaintiff Boulos was advised by a doctor of his choosing that he should not return to work until June 13, 2001. Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26. Defendants admit the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27. Defendants admit the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28. Defendants admit the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31. Defendants admit the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32. Defendants admit the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37. Defendants admit the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38. Defendants admit that Jean Allen and Peter Austin spoke to Plaintiff Boulos regarding his worker's compensation claim in August 2001.

39. Defendants are unable to comprehend the allegations made in Paragraph 39 of Plaintiffs' Complaint.

40. Defendants admit that Plaintiff Boulos returned to work on or about August 24, 2001.

41. Defendants admit the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42. Defendants admit that Plaintiff Boulos testified in Plaintiff Taylor's unemployment compensation hearing. Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45. Defendants adopt and incorporate by reference their responses to Paragraphs 1-44 above.

46. Defendants admit the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49. Defendants adopt and incorporate by reference their responses to Paragraphs 1-48 above.  Defendants deny the remaining allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

### **Affirmative Defenses**

1. Plaintiffs have failed to state a claim for which relief may be granted.

2. Defendants exercised reasonable care to prevent and correct promptly any unlawful conduct.

3. Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities offered by Defendants.

4. Defendants would have taken the same actions notwithstanding any protected status held by Plaintiffs.

WHEREFORE, Defendants Omni Hotels Management Corp. and Omni Hotels Corp. pray that, upon a trial on the merits, Plaintiffs take nothing by their Complaint, and for such other and further relief, general or special, at law or in equity, to which Defendants may be justly entitled.

Dated: June 17, 2005

                                      Respectfully submitted,

                                      _____/ s /_____
Amy L. Bess, D.C. Bar No. 418985
Sonnenschein Nath & Rosenthal LLP
1301 K Street, NW
Suite 600, East Tower
Washington, DC 20005
Counsel for Defendants Omni Hotels Management Corp. and Omni Hotels Corp.

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2005, I caused a copy of the foregoing Defendants' Original Answer to be filed with the Court and served upon the following via the Court's Electronic Case Filing System:

>Leizer Z. Goldsmith
>1900 L Street, NW Suite 614
>Washington, D.C. 20036
>lgoldsmith@goldsmithfirm.com

>_____/ s /_____
>Amy L. Bess