IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAWFIK BOULOS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:05-CV-1175-HHK |
| OMNI HOTELS MANAGEMENT, ET. AL, ) | |
| ) | |
| DEFENDANTS. ) | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

COMES NOW THE PLAINTIFF, Tawfik Boulos,[1] by and through counsel, and moves the Court for an Order finding that Defendants have improperly withheld documents, by designating such documents as privileged, and/or that Defendants' assertions of privilege have been waived, and compelling Defendants to produce the requested discovery.[2]

### I.   FACTUAL BACKGROUND

Tawfik Boulos' case arises from reprisal committed by Defendants, including Peter Austin, the General Manager of the Omni Shoreham Hotel, Jean Allen, the Human Resources Director of that hotel, and possibly other members of Defendants'

---

[1] Sandra Taylor settled her claim with Defendants on January 23, 2006. A stipulation of dismissal as to her claim is to be filed by the parties.

[2] Pursuant to Local Rule 7(m), Plaintiff's counsel contacted Defendants' counsel by letter and by leaving a voice mail in an attempt to confer regarding this motion but received no response. Based on Defendants' failure to respond to Plaintiff's communication, he assumes that Defendants do not consent to this motion.

management, such as Chuck Wing, another Human Resources Director. Mr. Boulos alleges that Defendants retaliated against him by terminating his employment when he supported another Omni Shoreham employee in asserting her claims of racial harassment and discrimination against Omni's management. The co-worker, Sandra Taylor, formerly a plaintiff in this case, was racially harassed and discriminated against and eventually constructively discharged in April of 2001 by her second-line supervisor, Said Elkhodary. She later filed an EEOC charge, which stated that Mr. Boulos had told Ms. Taylor about racially discriminatory remarks Mr. Elkhodary made to Mr. Boulos against African Americans and Ms. Taylor herself. Mr. Boulos later testified as a witness for Ms. Taylor at her unemployment compensation hearing. Mr. Boulos was later terminated in retaliation for his support of Ms. Taylor against Defendants. The propriety of Mr. Boulos' termination is being litigated in this case.

## II.     PROCEDURAL BACKGROUND FOR THIS MOTION TO COMPEL

In his Requests For Production Of Documents, Plaintiff has sought information regarding Defendants' retaliatory motive, as evidenced by documents drafted by Austin, Allen, and other of Defendants' employees. Defendants have taken the position that documents transferred between and drafted by non-attorney employees, as part of the "investigation" of the EEOC charge brought by Sandra Taylor, are privileged as work product and attorney-client communications under Federal Rule of Civil Procedure 26 — even though they concede that no attorneys were involved in the creation and transfer of those documents-- and have accordingly refused to comply.

Defendants submitted three brief privilege logs early in this litigation. See Exhibits 1-3 - Privilege Logs dated between October 4 and December 22, 2005. Plaintiff did not suspect that Defendants' assertions of privilege were dubious until

January 19, 2006. On that date, during the deposition of Jean Allen, Defendants verbally asserted the privilege when Plaintiff's counsel introduced the document produced by Defendants on December 22, 2005 and Bates stamped by Defendants with the number 001613. On February 14, 2006, Defendants submitted a Second Supplemental Privilege Log, which did not reference the contested document but did assert that several additional documents had been withheld on the basis of privilege. See Exhibit 4 hereto. Although Plaintiff's counsel had disputed Defendants' assertion of privilege at the Allen deposition, it was not until February 23, 2006, over a month after the deposition and two months since Defendants produced the document, that Defendants requested the return of document number 001613, along with several others, previously produced. See Exhibit 5, Letter from Edwards to Walsh, dated February 23, 2006.

Also on February 23, 2006, Defendants submitted a Second Amended Privilege Log to Plaintiff, which enumerated the totality of documents Defendants had withheld from production on the basis of both attorney-client and work-product privilege. See Exhibit 6 hereto. Upon a review of this amended log, Plaintiff noted that Defendants' First Amended Privilege Log asserted that documents bates stamped 1818-1827, allegedly transferred between an Omni employee and one of Omni's attorneys, were protected under the *attorney-client* privilege, but that the Second Amended Privilege Log asserted that several of these same documents were protected under the *work product* privilege, although the "work product" documents did not involve an attorney and were drafted only by non-attorneys in Omni's Human Resources Department. Plaintiff's counsel immediately sent Defendants a letter challenging the assertion of the attorney-client and work product privilege as to these, as well as several other documents, claimed to be privileged. See Exhibit 7 hereto - Letter from Walsh to Coles,

3

February 23, 2006. Plaintiff reiterated his objections to Defendants' assertions of privilege in a letter dated February 24, 2006. See Exhibit 8 hereto – Letter from Walsh to Coles, February 24, 2006.

Numerous discussions via correspondences, telephone, and email occurred between counsel regarding the applicability of the privilege. Plaintiff deposed one of Defendants' key witnesses on March 6, 2006, without the benefit of the documents identified by Defendants as privileged. Then, on March 13, 2006, Defendants' counsel sent Plaintiff's counsel a Third Supplemental Privilege Log, which noted the withholding of additional documents. See Exhibit 9 hereto.

Unable to resolve the privilege dispute, the parties scheduled a conference call with Judge Kennedy for March 15, 2006. After Judge Kennedy heard the positions of the parties, Defendants' counsel represented that he would be filing a motion for a protective order. Judge Kennedy expressed satisfaction with the parties proceeding in this manner, and stated that he would consider the briefs on the issue and make a ruling. Although counsel for Omni initially informed Plaintiff's counsel that he anticipated filing the motion for protective order on Monday, March 20, 2006, the motion was not filed on that date. Counsel later stated during a telephone conversation that the motion would be filed sometime during the week of March 27, 2006. As of March 28, the motion still had not been filed. In an effort to encourage resolution of this dispute, on March 29, 2006, Plaintiff faxed a letter to Defendants requesting notification of a definitive date the motion would be filed. See Exhibit 10, Letter from Walsh to Coles, March 28, 2006. Defendants did not respond to Plaintiff's request. Because discovery in this case closed on March 31, 2006, and Defendants have not filed a motion for a protective order, have not produced the documents, and have not responded to

4

Plaintiff's inquiries as to when a motion would be filed, this Motion became critical for Plaintiff to finally obtain from Defendants the documents erroneously asserted as protected by privilege.

The documents at issue are as follows:

| Name of Document | Bates Numbers | Date | Parties | Asserted Basis of Privilege |
|---|---|---|---|---|
| Documented phone conversation | 2080 | 5/23/02 | Gerry Bennett | Attorney/Client |
| Fax cover, job description | 2081-2085 | 5/24/02 | Gerry Bennett | Attorney/Client |
| Notes and Correspondence | 2116-2142 | 8/01 – 12/01 | J. Allen, C. Wing, K. Treciak | Attorney/Client |
| Correspondence | 1613 | 4/4/02 | J. Allen, P. Austin | Attorney/Client |
| Memo | 1819-1820 | 6/29/01 | Jean Allen | Work Product |
| Email memo | 1821 | 8/9/01 | J. Allen P. Austin | Work Product |
| Memo | 1822-1825 | 8/27/01 | J.Allen | Work Product |
| Email memo | 1826 | 8/30/01 | C. Wing J. Allen | Work Product |
| Memo | 1827 | 9/5/01 | J. Allen | Work Product |
| Email correspondence | 2307-2310 | 8/13/01-8/16/01 | C.Wing J. Allen | Work Product |
| Memo | 2382 | 11-21-02 | J. Allen | Work Product |
| Email correspondence | 2383 | 8-14-01 | J. Allen C. Wing | Work Product |
| Email correspondence | 2384 | 8-15-01 | J. Allen C. Wing | Work Product |
| Handwritten notes | 2385-2387 | Not dated | J. Allen | Work Product |
| Handwritten notes | 2388-2394 | 8-22-01 | J. Allen | Work Product |
| Email correspondence | 2395-2396 | 8-13-01 8-15-01 | C. Wing C. Combs J. Allen | Work Product |

5

### III.   ARGUMENT

### A.   Defendants Have Not Met Their Burden Of Showing That They Are Entitled To The Protection Of The Attorney-Client And Work Product Privileges.

Demonstrating that materials are protected by work product privilege is a burden imposed on the party asserting the privilege. Alexander v. FBI, 192 F.R.D. 42, 46 (D.D.C. 2000) (quoting Compagnie Francaise D' Assurance v. Phillips Petroleum Co., 105 F.R.D. 16, 40 (S.D.N.Y. 1984)); In re Foster, 188 F.3d 1259, 1264 (10th Cir. 1999).  In this case, Defendants have asserted that they are entitled to both the attorney-client and work product privilege as to numerous documents withheld from production, and thus, bear the burden of showing that those documents are entitled to protection as privileged.   Defendants have failed to meet this burden.

Defendants' privilege logs are woefully inadequate, under both the Federal Rules of Civil Procedure and this Circuit's case law.  Federal Rule of Civil Procedure 26(b)(5) provides that: "[w]hen a party withholds information . . . by claiming that it is privileged . . ., the party shall make the claim expressly and shall describe the nature of the documents, communications, or things . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."   The privilege log must identify: "the basis upon which the privilege is claimed, the specifications of the request for which the document is responsive, *the subject matter*, number of pages, author, date created, and identities of all persons to whom the original or any copies of the document were shown or provided." Hyman v. First Union Corp., 1997 U.S. Dist. LEXIS 18010 (D.D.C. 1997)

6

(citing Director of the Office of Thrift Supervision v. Ernst & Young, 795 F. Supp. 7 (D.D.C. 1992)) (emphasis added).

Here, Defendants' logs provide only generic descriptions such as "E-mail correspondence" and "memo," which fail to fully identify the subject matter of the withheld documents. See e.g., Exhibits 1-4, 6, 9. Without an adequate description of the subject matter of the documents, it has been impossible for Plaintiff to determine whether or not the privilege is properly invoked. Similarly, it will be difficult for this Court to rule on the assertion of the privilege without an in-camera inspection of the documents.

Plaintiff would strenuously disagree with Defendants' interpretation that Rule 26 protects documents drafted by non-attorneys as work product, as well as Defendants' apparent assertion that communications not involving an attorney are protected under the attorney-client privilege. Plaintiff need not advance the argument on these issues at this time, however, because Defendants have not shown entitlement to the protection of the attorney-client or work product privileges. Because Defendants have repeatedly declined to produce sufficiently detailed privilege logs and have, therefore failed to carry their burden, this Court should reject any claim of privilege as to these documents and order their production.[3] See Bowne, Inc. v. AmBase Corp., 150 F.R.D. 465, 474 (D.N.Y. 1993) ("skeletal" description of subject matter insufficient to show privilege).[4]

---

[3]     Courts have observed that the production of an inadequate privilege log may be a waiver of the privilege. See Haid v. Wal-Mart Stores, Inc., 2001 U.S. Dist. LEXIS 10564, 3-4 (D. Kan. 2001) (citing Dorf & Stanton Communications, Inc. v. Molson Breweries, 100 F.3d 919, 923 (Fed.Cir. 1996)). In this case, Plaintiff protested Defendants' failure to provide the necessary detail, by correspondence dated February 23, 2006, and verbally prior to this date. See Exhibit 7 - Letter from Walsh to Coles, February 23, 2006. Defendants have not remedied this defect. To the contrary, Defendants submitted yet another sparse privilege log. See Exhibit 9 – Def. Third Supp. Priv. Log. This Court should, alternatively, find that Defendants' submission of

7

**B.     Defendants Have Waived Any Privilege Through Their Inaction and Failure To File A Motion For A Protective Order.**

Not only do Defendants have the burden of showing that the contested materials are protected by attorney-client and work product privilege, they also bear the burden of showing that the privileges they claim have not been waived. Lifewise Master Funding v. Telebank, 206 F.R.D. 298, 303 (D. Utah 2002). "[T]he party asserting the privilege must move expeditiously for relief. . . ." or the court may find the privilege waived. Bowles v. Nat'l Ass'n of Home Builders, 224 F.R.D. 246, 254 (D.D.C. 2004); SEC v. Lavin, 111 F.3d 921, 929 (D.C. Cir. 1997) (the "confidentiality of communications covered by a privilege must be jealously guarded by the holder of the privilege lest it be waived") (quoting In re Sealed Case, 877 F.2d 976, 980 (D.C. Cir. 1989). When adjudicating whether a waiver has occurred, courts examine the vigor with which the claimant sought to protect the privilege. See Bowles, 224 F.R.D. at 253-54.

Rather than zealously asserting and vigorously protecting their assertions of privilege, Defendants have waited until after the close of discovery and have still not filed for protection, as agreed during the March 15, 2006 teleconference with the Court. Moreover, Defendants have not filed their protective motion despite Plaintiff's counsel's verbal and written inquires on March 27th and 29th, respectively, as to when Defendants' motion would be filed, and reminders to Defendants that the close of discovery was imminent and that approximately two weeks had passed since Judge Kennedy informed

---

inadequate privilege logs and subsequent failure to cure this defect waives Defendants' claims of privilege.

[4] Defendants did assert in a letter dated March 7, 2006, that in relation to the assertion of work product privilege, any privilege asserted was in regard to Sandra Taylor's EEOC charge. Exhibit 11- letter from Coles to Walsh, March 7, 2006. This assertion, however, does not address all of Plaintiff's challenges to Defendants' claims of privilege. Thus, even in conjunction with the letter, Defendants' logs are still inadequate.

the parties that a motion must be filed before he could rule on whether or not Defendants were entitled to any protection based on privilege. Defendants' dilatory conduct under these circumstances is tantamount to waiving their claims of privilege. The Court should, therefore, find that Defendants have waived any attorney-client or work product privilege asserted and order production of the documents at issue.[5]

### C. Defendants Have Waived Any Privileged As To Documents Previously Produced To Plaintiff.

In addition to withholding documents under a claim of privilege, Defendants verbally represented to Plaintiff's counsel on March 15, 2006, that they sought return of several allegedly privileged documents inadvertently produced in October 2005. As of the date of the instant filing, Plaintiff has not received any written notification of exactly which documents Defendants now contend are privileged.

"The courts will grant no greater protection to those who assert the privilege than their own precautions warrant." In re Sealed Case, 877 F.2d 976, 980 (D.C. Cir. 1989). In Bowles v. Nat'l Ass'n of Home Builders, 224 F.R.D. 246, 254 (D.D.C. 2004), the court cited with approval the Third Circuit case, In re Grand Jury (Impounded), 138 F.3d 978 (3d Cir. 1998), involving facts similar to the case at bar. In In re Grand Jury, the government seized a potentially privileged document during the investigation of a criminal matter. Upon learning of the seizure, the defendant's attorney sought return of the document through letters and phone calls to the government, who denied the existence of any privilege. Defendant's counsel took no further action until approximately four months later when he filed a motion to compel return of the

---

[5] Moreover, it should not go unnoticed that Defendants misidentification of some of these documents in December of 2005, not remedied until approximately February of 2006, precluded any challenge of their claims of privilege until after the deposition of two of Plaintiff's key witnesses, possibly severely hampering Plaintiff's case.

9

document.  The Third Circuit denied the motion finding four months an unreasonable delay:

> [A] reasonable person would not only inform his or her adversary of the breach of the privilege, but also would seek a judicial determination of the controversy if his or her adversary took an opposing stance. Merely asserting the privilege to an adversary is not sufficient to protect the privilege in these circumstances inasmuch as the adversary has possession of the materials claimed to be privileged and thus can make use of them.

Bowles, 224 F.R.D. at 254  (citing In re Grand Jury (Impounded), 138 F.3d at 979-80).

In the instant case, Defendants have allowed nearly five months to pass since production of the allegedly privileged documents and have still not sought judicial intervention, despite the fact that Plaintiff has possession of these documents, challenges the assertion of privilege on its face, and has potentially used them during at least two depositions.  See id. (quoting In re Grand Jury (Impounded), 138 F.3d at 979-80)("when a party's adversary has obtained possession of a party's work product and refuses to recognize the work product privilege, the party asserting the privilege must move expeditiously for relief particularly where, as here, the party asserting the privilege does not even claim that he had reason to believe that the adversarial party was not making use of the work product").  See also United States v. De La Jara, 973 F.2d 746, 750 (9th Cir. 1992) (six month delay in instituting legal measures to preserve privilege waives privilege) (cited by Bowles).  Defendants, through their failure to seek judicial intervention regarding the return of these allegedly privileged documents, have waived any protection of privilege as to these materials.[6]

---

[6]     In their letter dated February 23, 2006, Exhibit 5, Defendants also sought the return of documents Bates stamped nos. 001629-001633, as well as 001613.  Plaintiff did not challenge and

## IV.    CONCLUSION

Defendants have not carried their burden of showing that any of the purportedly privileged documents are, in fact, entitled to protection.  They have failed to submit an adequate privilege log, failed to amend the log upon request, failed to file a motion for a protective order after representing an intention to do so before this Court, and, overall, acted in an unreasonably dilatory manner with regard to their assertions of privilege.  Accordingly, this Court should find that the disputed documents are not privileged, and that Defendants in any case have waived any protection to which they might have been entitled, and order production of these documents.  The Court should further find that Defendants have waived any privilege as to documents previously produced to Plaintiff as to which they have sought return.[7]

Respectfully submitted,

THE GOLDSMITH LAW FIRM, LLC

_____
Leizer Z. Goldsmith (D.C. Bar No. 419544)
Kristen L. Walsh (D.C. Bar No. 495767)
1900 L Street, N.W., Suite 614
Washington, D.C. 20036
Telephone: (202) 775-0040
Facsimile: (202) 775-0005

Attorneys for Plaintiff Tawfik Boulos

---

returned documents labeled 001629-001633 as they appeared to be identical to documents labeled 001618-001621 previously produced.

[7]    Other discovery disputes remain unresolved in this case.  These issues are not currently before the Court as the parties may still settle these disputes without Court intervention.  Plaintiff reserves the right to contact this Court, in accordance with its instructions in the Scheduling Order, to arrange a teleconference with the Judge in the event that the parties cannot reach a satisfactory resolution of these issues.

11