**THE GOLDSMITH LAW FIRM, LLC**
**1900 L STREET, N.W.**
**SUITE 614**
**WASHINGTON, D.C. 20036**
**TEL: (202) 775-0040**
**FAX: (202) 775-0005**
http://www.goldsmithfirm.com

BY FACSIMILE: 972-692-7145

March 28, 2006

Mike Coles, Esq.
The Coles Firm, P.C.
3838 Oak Lawn Avenue
Suite 1825
Dallas, Texas 75219

    Re: <u>Taylor & Boulos v. Omni Hotels Inc.</u>, Civil Action No. 1:05-cv-1175

Dear Mike,

    I am writing to confirm several details of our conversation yesterday.

    Plaintiff first noticed the deposition of Fergus Oxley on March 17, 2006; however, Oxley was unable to attend on that date due to the fact that it fell on a "religious holiday." Yesterday, you proposed to schedule the deposition of Fergus Oxley on April 10, 2006. As this is date falls past the close of discovery, I require written confirmation that scheduling the deposition on this day is voluntary on your part and that if Oxley, for whatever reason, does not appear, you will arrange for him to appear at another time.

    You also agreed to verify Defendants' supplemental interrogatory responses and restate as an answer to Interrogatory number 13, your assertion, as set forth in your March 2, 2006 email to me, that Quentin Legg had no prior complaints of discrimination prior to his termination from the Omni Shoreham.

    You agreed to provide the electronic data for the document Bates stamped 02235, which is an undated letter from Peter Austin to Paul Boulos. You further stated to me that no other electronic data was readily obtainable as to the remainder of the document requests set forth in my correspondence to you dated March 8, 2006. Please confirm to me, in writing, the steps you took which form the basis of your assertion to me that electronic data as to the remainder of these requests could not be readily obtained.

    Next, we are willing to send you a Waiver of Notice which will permit you to obtain Paul Boulos' employment records from the employers specified on attachment "Location List A".. However, during our conversation yesterday, you represented to me that you will not produce to us any documents obtained under that waiver and that if we desired copies, they could be ordered from Team Legal, the company employed by Defendants to procure these records. First, let me point out that we have, as a courtesy to you, produced documents obtained from third party witnesses. Furthermore,

Page 2
Mike Coles
March 28, 2006

Plaintiff's Document Requests Nos. 32, 33, 34, and/or 35 require that you produce any documents obtained under this Waiver, from these sources, and, therefore, must be produced to us if and when you receive anything. While we would consider paying you your actual cost in making copies of any documents obtained under this Waiver, we **do not** agree to pay Team Legal for any copies. Please note that this offer applies only to documents obtained under this Waiver of Notice and not to any documents previously produced by Defendants. Upon your agreement to produce any such records to us, we will forward a signed Waiver of Notice to the address provided on the waiver.

Finally, you offered to stipulate that Omni Hotels Management Corp. owned the hotel buildings, employed the workforce of the hotels and holds the majority of the two Defendants' assets, and that Omni Hotels Corp. owns only the "dirt" upon which the buildings stand and does not possess significant assets. You also offered to stipulate as to Omni Hotels Management Corp.'s net worth. I will need to receive and review your net worth stipulation as to both that Omni Hotels Management Corp.'s and Omni Hotels Corp., before I can consider your suggestion that the Fed. R. Civ. P. 30(b)(6) deposition on the issue of Defendants' operational and financial status be canceled, or your request that Plaintiff voluntarily dismiss Omni Hotels Corp. from this case on the basis of this stipulation. If you will provide this stipulation by 6 p.m. CST, March 29, 2006, I will review it and determine whether the 30(b)(6) will, in fact, need to be held as planned.

Consider this letter my final attempt to confer with you on this issue of net worth according to the Court's local rules. If we cannot come to an agreement regarding this matter, considering the number of discussions we have had on the issue, another call to Judge Kennedy's chambers to arrange a teleconference will be necessary. Any other documents or other materials you have not produced as agreed will also be a topic that must be addressed with the Court. In addition, it has been nearly two weeks since the teleconference with Judge Kennedy on the issue of the documents you claim are privileged and you have still not filed a protective order. Resolving this matter is critical to this case. Unless you can supply me with a definitive date today as to when this motion will be filed, I will move to compel these materials.

Please call me with any questions or concerns.

Sincerely,

Kristen Walsh