# THE COLES FIM P.C.

Michael E. Coles
Tel: 214-443-7862
Fax: 972-692-7145
E-mail: mikec@colesfirm.com

March 7, 2006

VIA FACSIMILE (202-318-0798)

Kristen Walsh
1900 L Street, NW Suite 614
Washington, D.C. 20036

    Re:    *Taylor, et al. v. Omni Hotels Corp., et al.*

Dear Kristen:

    Enclosed are Defendants' supplemental discovery responses. Please note the following:

1. I have provided contact information for all witnesses who are former employees;
2. I have updated the description of the employees with relevant knowledge; and
3. I have four (4) files related to internal and/or formal complaints of discrimination/harassment at the Omni Shoreham during Peter Austin and Jean Allen's combined tenure. Documents related to one (1) of those complaints are attached. I am told additional documents on the other three complaints are forthcoming, which I will forward to you.

    With respect to the medical authorization issue, we are willing to limit our request to records from 1995 to the present. I trust that will resolve any issues you have regarding your client's privacy and the relevance of any documents that may be obtained. Given your concerns of privacy for your client, I trust you will appreciate my client's concerns regarding the privacy of Omni Hotels Management Corp.'s net worth. I will provide that information to you with the understanding that (1) the parties will enter into a Protective Order such that this information is for "Attorneys' Eyes Only," and (2) this information will not be disclosed in Court without first requesting the Court seal that portion of the record. If that is agreeable to you I will provide that information to you.

    Additionally, to clarify our position with respect to the Work Product Privilege, Jean Allen prepared the documents at issue as a result of the Charge of Discrimination filed by Sandra Taylor. But for the Charge filed by Ms. Taylor, Ms. Allen would not have created these documents. The documents specifically reference Ms. Taylor's Charge and the documents were created solely for the purpose of responding to the Charge. These documents are internal

March 7, 2006
Page 2

documents, never submitted in response to Ms. Taylor's Charge. Fed. R. Civ. P. 26 protects documents prepared *by* a party (in this case Ms. Allen on behalf of Omni). The limitations of Rule 26 do not require the documents be created by an attorney. In light of Rule 26, and given the fact that Ms. Allen only created these documents to assist her in responding to Ms. Taylor's Charge, these documents are privileged.

Finally, with respect to the Attorney-Client privilege asserted by Omni, communications between Omni, Zurich, and the McNamara law firm are privileged on their face. McNamara prepared discovery responses on behalf of Omni and communicated with Omni about the status of the proceedings. These actions represent the *sine qua non* of the attorney-client relationship in the course of litigation. Even the documents submitted to the District of Columbia Workers Compensation Board note that the McNamara law firm represented Omni. It should be apparent that Omni was the insured and Zurich was the insurer in that litigation. It is not only common, but industry standard, for the insurer (Zurich) to select and pay counsel to represent the insured (Omni). With that in mind, I hope we can close the door on this issue.

If you have any additional questions please let me know.

Sincerely,

THE COLES FIRM P.C.

Michael E. Coles