03/03/2006  10:46    2027750005             GOLDSMITH:                           PAGE  01/03

# THE GOLDSMITH LAW FIRM
1900 L STREET, N.W.
SUITE 614
WASHINGTON, D.C. 20036

TEL: (202) 775-0040

http://www.goldsmithfirm.com

## FACSIMILE TRANSMISSION COVER LETTER

DATE: 3-3-06

Please deliver the following page(s) to :

NAME: Mike Coles

BUSINESS: The Coles Firm P.C.

FAX #: 972-692-7145

Total # Pages, including this cover sheet: 3

FROM:
☐ Leizer Z. Goldsmith, Fax: (202) 775-0005 (lgoldsmith@goldsmithfirm.com)
☒ Kristen L. Walsh, Fax: (202) 775-0005 (kwalsh@goldsmithfirm.com)
☐ Adam W. Marker, Fax: (202) 775-0005 (amarker@goldsmithfirm.com)

☒ ORIGINAL WILL NOT FOLLOW
☐ ORIGINAL WILL FOLLOW BY:
☐ STANDARD U.S. MAIL
☐ CERTIFIED MAIL
☐ FEDERAL EXPRESS
☐ MESSENGER
☐ OTHER

COMMENTS:

If you do not receive all pages, please call (202) 775-0040

The content of this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that nay dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.



**THE GOLDSMITH LAW FIRM, L.L.C.**
1900 L STREET, N.W.
SUITE 614
WASHINGTON, D.C. 20036
TEL: (202) 775-0040
FAX: (202) 775-0005
http://www.goldsmithfirm.com

By Facsimile 972-692-7145:

March 3, 2006

Mike Coles, Esq.
The Coles Firm, P.C.
3838 Oak Lawn Avenue
Suite 1825
Dallas, Texas 75219

Re: <u>Taylor & Boulos v. Omni Hotels Inc.</u>, Civil Action No. 1:05-cv-1175-HHK

Dear Mike,

In our conversation on February 28, 2006, you had informed me that you would fully answer Plaintiff's remaining discovery requests, not in dispute, by March 1. It is now March 3 and I have not received any documents or interrogatory responses. This includes your proffer as to what information the witnesses listed on your Rule 26 disclosures will testify. This information is vital as we have agreed to schedule these depositions in approximately two weeks and it is only three weeks before the close of discovery.

In addition, during the course of this litigation, it has become apparent that you have strategically withheld documents. This includes documents that should have been produced before the deposition of Jean Allen but were not. At this time, based on the timing of your third production, which included documents extremely relevant to this case and would have been vital in Jean Allen's deposition, I am reserving the right to depose Jean Allen on these materials. If you or your client still possesses any documents subject to Plaintiff's discovery requests, you must bring these to Peter Austin's deposition on March 6, 2006. If documents relevant to this case and this witness are produced at a later date, I will request that the Court order Defendant to pay my travel costs to return to Chicago in order that I may depose Mr. Austin on these materials.

Finally, as to your claims of privilege, I want to note that it is your burden to prove that the assertion of privilege is proper. You have not met this burden. You have not shown me any case law supporting your claims or even provided a sufficient description of the documents at issue so as to give any indication as to why they would, in fact, be privileged. As to Bates Number 1613, we will argue that you have waived any privilege. However, serving as an example only, although the final paragraph of this document may contain the impressions of the lawyer and, thus, be privileged, factual observances, such as those contained in the prior paragraphs are not privileged material.

Thus, your claim that the entire document should be considered privileged and returned is unfounded. I will return Bates Numbers 001629-001633.

Your remaining claims of work product and attorney client privilege as between non-lawyers investigating a routine EEOC charge are similarly without merit. Jean Allen testified that it was part of her job to investigate EEO claims. You cannot reasonably be asserting that Allen, or the other non-attorney Omni employees at issue here, anticipated every complaint would result in litigation. See EEOC v. Commonwealth Edison And Local Union 1461 Of The Int'l B'hd Of Electrical Workers, 1987 U.S. Dist. Lexis 14052, (E.D. Ill. 1987) ("Defendant's assumption that any document prepared by Ward or Komos after the EEOC's notification of the charge is a document prepared in anticipation of litigation is misplaced."). As such, such documents must be produced immediately. In the event your refuse, we would need to contact Judge Kennedy's chambers on Monday and schedule a teleconference to resolves this dispute as well as any others still remaining. As you stated to me, if you force me to file a winning motion on these issues, I will seek attorneys' fees.

I am out of the office today at a conference until approximately 4:15. I will be in afterward and will check any message then if you wish to discuss any of these issues.

Sincerely yours,

Kristen Walsh