IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA TAYLOR, <br> and <br> TAWFIK BOULOS, <br><br> Plaintiffs, <br><br> v. <br><br> OMNI HOTELS MANAGEMENT CORPORATION, <br> and <br> OMNI HOTELS CORPORATION, <br><br> Defendants. | CIVIL ACTION NO. <br> 1:05-CV-1175 (HHK) (AK) |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY & MOTION FOR PROTECTIVE ORDER

COME NOW DEFENDANTS Omni Hotels Management Corporation and Omni Hotels Corporation (collectively "Omni" or "Defendants"), by and through counsel, and move the Court for an Order finding that Defendants have not improperly withheld documents, that such documents are in fact privileged as designated by Defendants, that no waiver of privilege has occurred, and that Plaintiff's Motion to Compel Discovery be denied.

### I. Factual Background

Plaintiff, Tawfik Boulos ("Boulos"), sued Defendants for alleged retaliation for support given to another Omni employee in her suit against Defendants for discrimination and harassment. Plaintiff was employed by Defendants as Executive Housekeeper until his termination for inability to fulfill the requirements of his position. More specifically, in June 2001 Plaintiff was injured on the job and, after seeing a doctor, returned to work on limited duty. By July 2001 Plaintiff received a doctor's note excusing him from work entirely. Shortly

thereafter, Plaintiff supported another employee, Sandra Taylor ("Taylor"), in her discrimination claim against Omni. By the end of August 2001, Plaintiff received a full release to return to work. The next month, Plaintiff testified at Taylor's unemployment hearing just days before he was scheduled to return to work. Plaintiff returned to work briefly, but was unable to fulfill the essential functions of his job. Plaintiff was terminated for his inability to fulfill the requirements of his position. Plaintiff filed a separate suit in 2001 with the District of Columbia Workers' Compensation Board claiming he was improperly denied workers' compensation benefits by Defendants' workers' compensation carrier, Zurich.

## II. Procedural Background Regarding Plaintiff's Motion to Compel

Plaintiff, in his Motion to Compel, outlined the events related to the discovery in this case that led to Plaintiff's motion; thus Defendants will not recreate that timeline here. Plaintiff has, though, omitted a few pertinent actions and dates related to the current dispute, and so Defendants will instead turn their focus to these matters, as well as focus on the important events during this dispute and Defendants' position regarding the documents at issue.

Defendants claim that documents created by and transferred between Jean Allen[1], Gerry Bennett[2], Peter Austin[3], Chuck Wing[4], and Karen Treciak[5] are protected from discovery. These documents are part of Defendants' investigation into the EEOC charge brought by Sandra Taylor and are part of Defendants' preparation for the Boulos' 2001 workers' compensation litigation. Additionally, documents relating to communications with and through Paul Jorge, Associate

---

[1] Human Resources Director
[2] Human Resources Staff
[3] Omni Hotels General Manager
[4] Regional Human Resources Director
[5] Omni's insurer's (Zurich) representative

---

DEFENDANTS' RESPONSE AND MOTION FOR PROTECTIVE ORDER                    PAGE 2

General Counsel to Omni, and the lawyers of the law firm McNamara, Fizer, & Dent are privileged as attorney-client communications.

As Plaintiff's motion points out, Defendants did submit privilege logs regarding the relevant documents. Importantly, at a deposition on January 19, 2006, Defendants first learned that some privileged documents had been inadvertently produced. Before initiating this dispute Defendants confirmed the identity of the persons involved and the nature and scope of McNamara, Fizer & Dent's representation. Then, on February 23, 2006, Defendants sent Plaintiff a letter notifying him of the inadvertent disclosure and requesting Plaintiff return certain listed documents (listed by Bates number). The next correspondence related to this matter came on March 3, 2006.[6] This correspondence was a letter from Plaintiff's counsel to Defendants' counsel in which Plaintiff's counsel first challenged Defendants' assertion of privilege regarding one of the inadvertently disclosed documents and notified Defendants' counsel of her intent to argue waiver regarding that document.[7] Thus Plaintiff refused to return that document but did return all remaining documents.[8]

Following this letter, counsel for both sides exchanged telephone calls and e-mails regarding this issue, but, unable to resolve it, a conference call was held with Judge Kennedy on March 15, 2006. At the hearing Judge Kennedy was unable to rule and asked one of the parties to draft a Motion for Protective Order or a Motion to Compel before he could rule. Defendants' counsel offered to draft the Motion and no deadline was set by the Judge for its filing. As stated by Plaintiff in his Motion to Compel, Defendants' counsel anticipated filing the motion for

---

[6] This letter was omitted from Plaintiff's discussion in his Motion to Compel and has been attached to Defendants' Response as Exhibit 1 hereto. According to case law cited by Plaintiff in his motion, this date is of importance in resolving the discovery dispute at hand.
[7] The challenged document was Bates number 001613.
[8] The returned documents were Bates numbers 001629 through 001633.

protective order by March 20, 2006 but was unable to do so. Only two weeks later, due to Plaintiff's dissatisfaction with Defendants for not filing the motion when he thought it should have been filed, Plaintiff filed the current Motion to Compel Discovery.[9] Also of note is the fact that on the date of the hearing, Defendants' counsel informed Plaintiff's counsel verbally that the same privileged documents as those previously listed in the February 23 letter appeared multiple times in the production but with different Bates numbers. Defendants' counsel stated that once the Judge ruled on the actual documents, Defendants would give all applicable Bates numbers for those documents.

### III. Argument

**A. Defendants Are Entitled to Protection of the Attorney-Client and Work Product Privileges**

Plaintiff spent an enormous amount of time in his Motion addressing the adequacy of Defendants' privilege logs and Defendants' inadvertent disclosure regarding a few privileged documents. Defendants will address these arguments in turn. Plaintiff has not addressed though, and specifically in his motion made reference to the fact that he was not addressing, the applicability of the claimed privileges themselves. Defendants begin here as this is the dispositive factor regarding the documents at issue. Plaintiff has taken an opposing view, but has provided no support in his motion for his position.

Plaintiff has repeatedly argued that Defendants cannot claim a work product privilege on documents that were not prepared by an attorney or attorney's representative. As stated in Federal Rule of Civil Procedure 26, "documents and tangible things...prepared in anticipation of litigation or for trial *by* or for another *party* or by *or for* that other *party's representative*

---

[9] Plaintiff filed on April 4, 2006.

(including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)..." are privileged and are only discoverable upon a specific and detailed showing by the party seeking discovery. Fed. R. Civ. Pro. 26(b)(3) (emphasis added). Additionally, "the mental impressions, conclusions, opinions, or legal theories of an attorney *or other representative of a party* concerning the litigation" are completely privileged and are not discoverable. *Id.* (emphasis added). The plain language of the rule itself provides that work product can be material prepared by a non-attorney. Additionally, the Comments to Rule 26 state that the rule reflects the trend of cases in applying the privilege to material prepared in anticipation of litigation by or for a party and not just by an attorney. Fed. R. Civ. Pro. 26(b)(3) Advisory Committee's Note (1970).

Importantly, Defendants have found no case, and see none that Plaintiff has cited, that hold that the work product privilege applies only to attorneys. Instead, Defendants have found case law that does indeed follow the plain language of the rule and provides that the work product privilege can apply to non-attorneys. In one such case, an employee of the party handled the investigation into an EEOC charge and the court held that these documents were work product and thus privileged. *Miller v. Federal Express Corp.*, 186 F.R.D. 376, 386-88 (W.D. Tenn. 1999).

Thus, according to the plain language of Federal Rule of Civil Procedure 26, the Comments to that rule, and relevant case law, Defendants argue that the work product privilege does indeed apply to material prepared by non-attorneys. Plaintiff has not addressed this in his motion, but instead has based his entire motion and argument on a faulty interpretation of the rule. As such, Plaintiff is not entitled to these documents and his Motion to Compel should be denied.

With regard to the documents contested by Plaintiff that Defendants claim as attorney-client privileged, these are documents that were prepared (1) regarding the investigation into the EEOC charge by Sandra Taylor and (2) in preparation for the Boulos workers' compensation litigation by and for attorneys for Omni at the time. They were communications between Omni (and its representatives) and attorneys for Omni (both in-house and the retained law firm). These are clearly protected as attorney-client privileged. Once again, Plaintiff failed to address the actual privilege argument in his motion, instead focusing on secondary matters such as privilege logs and waiver.

**B.   Plaintiff's Argument Regarding the Privilege Log is a Secondary Issue That is Still Resolved in Defendants' Favor**

As stated previously, Plaintiff devoted the majority of his motion to his arguments regarding the adequacy of Defendants' privilege log. As Defendants have pointed out, though, the primary issue is whether or not the documents are actually privileged. Plaintiff has argued a position that is against the plain language of Federal Rule of Civil Procedure 26 and Defendants would have this court find, based on the arguments above, that the documents are in fact privileged and thus deny Plaintiff's Motion to Compel.

Defendants do address Plaintiff's remaining arguments, though, for the sake of completeness. Two of the cases Plaintiff cites in favor of his argument regarding production due to inadequate privilege logs in fact only required the defendants in those cases to supplement their privilege logs rather than produce contested documents. *Hyman v. First Union Corp.*, No. 94-1043, 1997 U.S. Dist. LEXIS 18010, at *10 (D.D.C. Aug. 12, 1997) (holding that while the privilege log entries are insufficient, the Defendant must supplement its privilege log before the court will consider ordering production); *Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 476

(S.D.N.Y. 1993) (refusing to reject the privilege claims of the Defendant because it appeared from the logs that many documents might be privileged; thus giving the Defendant "one last opportunity to make a proper showing").

### C. There Has Been No Waiver by Defendants in This Case of Their Privileges

Defendants next address Plaintiff's final argument in his motion regarding the issue of waiver of privilege. Plaintiff spent the majority of his time in his motion arguing that Defendants have waived their attorney-client and work product privileges because of the inadvertent production of some documents to Plaintiff and because of perceived lack of diligence in securing the return of the documents. Plaintiff fails in both respects.

It is important to note that only one document is in dispute regarding waiver. Defendants inadvertently produced multiple documents but Plaintiff returned all but one. As Plaintiff noted in his Motion, he returned all but one of the documents because he believed that he had duplicates in his possession of the documents he returned that were not claimed as inadvertently produced by Defendants. This is not true. Defendants requested Plaintiff return a *draft* of Answers to Interrogatories that was sent in 2002 by Defendants' workers' compensation litigation counsel to Defendants for review. These are in fact privileged as attorney-client communications. The documents that appear to be the same (which Plaintiff retained) are Answers to Interrogatories that were signed and served in the workers' compensation case. Defendants freely acknowledge that served documents are not privileged, and thus Defendants did not request the return of these. In short, Plaintiff returned all documents that Defendants claimed as privileged except one. This is the only document now in dispute regarding waiver.[10]

---

[10] Bates Number 001613

As pointed out by case law that Plaintiff himself cited in his motion, waiver can only occur in the case of inadvertent disclosures when the holder fails to take reasonable steps to reclaim the protected material. *SEC v. Lavin*, 111 F.3d 921, 930 (D.C. Cir. 1997). Also, the courts have held that the waiver inquiry is a very fact-specific inquiry. *Bowles v. Nat'l Ass'n Home Builders*, 224 F.R.D. 246, 257 (D.D.C. 2004). Yet in the cases Plaintiff cited, the defendants waited much longer than Defendants in this case in securing the return of inadvertently produced documents. *Id.* at 255-56 (Defendant waited over a year before filing a motion to recover documents); *In re Grand Jury (Impounded)*, 138 F.3d 978, 980 (3rd Cir. 1998) (Defendant waited four months before filing a motion to compel return of the documents). In this case, as pointed out above, Defendants did not learn of the inadvertent disclosure until January 19, 2006. After confirming the facts supporting Defendants' claim of privilege, Defendants notified Plaintiff of the inadvertent disclosure and requested Plaintiff return the documents. Not until March 3, 2006 did Defendants learn that Plaintiff intended to keep one of the documents and contest its privilege. Less than two weeks later a hearing was held with the Judge regarding this document (among others). Little over two weeks passed again until Plaintiff filed this present Motion to Compel Discovery. The time period here is very short and Defendants acted reasonably in reclaiming the protected material. Plaintiff has not pointed to any case involving a time period such as the instant case where the court found that a party waived its privilege for failing to reclaim protected material.

### D. In Light of Expediency Factors Defendants Are Willing to Submit to In-Camera Inspection by the Court and a Hearing on This Matter

Defendants are by no means acting in a dilatory manner to harm Plaintiff, nor are they stonewalling Plaintiff from obtaining otherwise discoverable, non-privileged documents.

Defendants are merely attempting to protect documents that, by the plain language of Federal Rule of Civil Procedure 26, are privileged from production. In order to move this discovery along in an expeditious manner, and move beyond the documents in dispute, Defendants are willing to submit the documents in dispute to an in-camera inspection by the Court if the Court should so choose. In fact, in one of the cases that Plaintiff cites in his motion the court did just that. *Alexander v. FBI*, 192 F.R.D. 42 (D.D.C. 2000). In that case, the documents in dispute were submitted to the court for in-camera inspection and after inspection the court made a decision on the privileges claimed regarding those documents. *Id.* at 44. Additionally, Defendants are willing to attend a hearing on the privileged nature of the documents in dispute following the Court's in-camera inspection.

## IV. Conclusion

Plaintiff has bypassed the principal issue here of whether or not the documents themselves are privileged. Although Plaintiff has continuously argued otherwise, and bases his entire motion on an incorrect interpretation of the Rule, the plain language of Federal Rule of Civil Procedure 26 (as well as the Comments and relevant case law), states that the work product privilege can apply to a non-attorney. The documents at issue are privileged as material prepared in anticipation of litigation by a party *or party representative*. Additionally, even Plaintiff's arguments regarding the privilege logs and the waiver of privilege due to inadvertent disclosure fail for the reasons outlined above. As such, these documents are privileged, the privilege has not been waived, Defendants have therefore not improperly withheld documents, and Plaintiff's Motion to Compel Discovery should be denied. Alternatively, if the Court feels that further discussion is needed on these matters, Defendants are willing to submit the documents in dispute to in-camera inspection by the Court followed by a hearing.

Respectfully submitted,

*[signature]*

Amy L. Bess, Local Counsel
D.C. Bar No. 418985
Sonnenschein Nath & Rosenthal LLP
1301 K Street, NW
Suite 600, East Tower
Washington, DC 20005


Michael E. Coles, Lead Counsel
State Bar No. 24007025
The Coles Firm P.C.
3838 Oak Lawn Ave, Suite 1825
Dallas, TX 75219
214-443-7862 (phone)
972-692-7145 (fax)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on ___APRIL 14___, 2006, a true and correct copy of the foregoing instrument was served by facsimile on the attorney of record, Leizer Z. Goldsmith, 1900 L Street, NW Suite 614, Washington, D.C. 20036.

_____
Michael E. Coles