# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TAWFIK BOULOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:05-CV-1175-HHK |
| | § | |
| OMNI HOTELS CORP., ET AL, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Michael E. Coles
The Coles Firm, P.C.
3838 Oak Lawn Ave., Suite 1825
Dallas, Texas 75219
214-443-7862 – Telephone
972-692-7145 – Facsimile

Amy L. Bess, D.C. Bar No. 418985
Sonnenschein Nath & Rosenthal LLP
1301 K Street, NW
Suite 600, East Tower
Washington, DC 20005
202-408-6400 – Telephone
202-408-6399 – Facsimile
Counsel for Defendants Omni Hotels
Management Corp. and Omni Hotels Corp.

Dated:  June 26, 2006

# Table of Contents

**Page**

I. INTRODUCTION ...................................................................................................1

II. BASIS FOR MOTION ..........................................................................................4

III. SUMMARY JUDGMENT EVIDENCE ...............................................................4

IV. STATEMENT OF POINTS AND AUTHORITIES.............................................5

  A. Standard for Review .........................................................................................5

  B. Plaintiff's claim against Defendant Omni Corp. fails as a matter of law. ........6

  C. Plaintiff's retaliatory discharge claim against OHMC also fails as a matter of law.........7

    1. Plaintiff Boulos cannot show a causal connection between his discharge and his support for Sandra Taylor. ........................................................................9

    2. OHMC has a legitimate, non-retaliatory reason for Plaintiff's termination. ..............10

    3. Plaintiff has no evidence showing Omni's reason to be a pretext for retaliation. ......12

V. CONCLUSION.....................................................................................................13

## TABLE OF AUTHORITIES

*Allen v. Pacific Bell, et al.*, 212 F. Supp. 2d 1180 (C.D. Calif. 2002) ................................7

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ........................................................5

*Barnes v. Small*, 840 F.2d 972 (D.C. Cir. 1988) ................................................................12

*Blocker v. Giant Food, Inc.*, 187 F. Supp. 2d 499 (D.Md. 2002) ......................................8

*Carney v. American University*, 151 F.3d 1090 (D.C. Cir. 1998) ......................................8

*Celotex Corp. v. Catrett*, 477 U.S. 316 (1986) ..................................................................6

*EEOC v. St. Francis Xavier Parochial Sch.*, 928 F. Supp. 29 (D.D.C. 1996) ...................6

*Ghirmai v. Northwest Airlines, Inc.*, 131 Fed. Appx. 609, 611 (9th Cir. 2005) ................................................................................................9

*Holcomb v. Powell*, 433 F.3d 889 (D.C. Cir. 2006) ..........................................................9

*Hunter v. Ark Restaurants Corp., et al.*, 3 F. Supp. 2d 9 (D.D.C. 1998) .......................6, 8

*Johnson v. Digital Equipment Corp.*, 836 F. Supp. 14 (D.C. Cir. 1993) ..........................5

*Kennedy v. St. Francis Hospital*, 225 F. Supp. 2d 128 (D. Conn. 2002) .........................11

*Kiel v. Select Artificials, Inc.*, 169 F.3d 1131 (8th Cir. 1999) ...........................................9

*Laningham v. U.S. Navy*, 813 F.2d 1236 (D.C. Cir. 1987) .................................................5

*Lusk v. FoxMeyer Health Corp., et al.*, 129 F.3d 773 (5th Cir. 1997) ..............................7

*Manatt v. Bank of America, NA*, 339 F.3d 792 (9th Cir. 2003) .........................................9

*Meiri v. Dacon*, 759 F.2d 989 (2d Cir. 1985) ...................................................................12

*Radio and Television Broadcast Technicians Local Union 1264 v. Broadcast Svc. of Mobile, Inc.*, 380 U.S. 255 (1965) ...................................................6

*Raggs v. Mississippi Power & Light Co.*, 278 F.3d 463 (5th Cir. 2002) ...........................9

*Richardson v. National Rifle Associate*, 871 F. Supp. 499 (D.D.C. 1994) ..........5, 8, 10, 12

*Swanson v. General Services Admin.*, 110 F.3d 1180 (5th Cir. 1997) ...............................9

*Tenkku v. Normandy Bank*, 348 F.3d 737 (8th Cir. 2003) ....................................................9

## FEDERAL STATUTES

42 U.S.C. § 1981 .............................................................................................................4, 7

Fed. R. Civ. P. 56(c) .........................................................................................................5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **TAWFIK BOULOS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 1:05-CV-1175-HHK** |
| | § | |
| **OMNI HOTELS CORP., ET AL,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and this Court's Local

Rules, Defendants Omni Hotels Management Corporation ("OHMC") and Omni Hotels

Corporation ("Omni Corp."), hereby respectfully submit this Memorandum of Points and

Authorities and attachments hereto in support of their Motion for Summary Judgment.

## I.  INTRODUCTION

Defendant Omni Corp. is the parent company for Defendant OHMC.  Defendant

Omni Corp. also owns several other related entities, including separate entities that each

typically own one of the nearly forty (40) Omni Hotels throughout the United States.

Defendant OHMC is the management company that manages most Omni Hotels

throughout the United States, including the Omni Shoreham Hotel in Washington, D.C.

Defendant OHMC operates these hotels through a Hotel Management Agreement.

Defendant OHMC is the sole employer for all employees at the Omni Shoreham Hotel. SOF ¶ 70.[1]  Plaintiff Tawfik "Paul" Boulos ("Plaintiff Boulos") worked at the Omni Shoreham Hotel in 2001. SOF ¶ 1.  Plaintiff Boulos worked as the Director of Housekeeping until he was terminated in September 2001. SOF ¶¶ 3, 45.

During his tenure at the Omni Shoreham Hotel, Plaintiff Boulos supervised Sandra Taylor, the Assistant Executive Housekeeper.  Plaintiff Boulos, in turn, was supervised by Said Elkhodary, the Director of Rooms at the Omni Shoreham Hotel. SOF ¶ 19.  In June 2001, Sandra Taylor resigned, claiming Said Elkhodary discriminated against her.  Complt. ¶ 22.  Plaintiff Boulos agreed with Sandra Taylor and, in July 2001, informed Jean Allen, Director of Human Resources at the Omni Shoreham Hotel, that he intended to support Sandra Taylor in her claim for unemployment compensation benefits. SOF ¶ 21.

Separate from and prior to his support for Sandra Taylor, Plaintiff Boulos suffered an on-the-job injury in early June 2001. SOF ¶ 10.  As a result of Plaintiff Boulos' injury, Plaintiff Boulos initially was placed on restricted duty and, ultimately, was placed on full medical leave in early July 2001. SOF ¶¶ 15, 22.  At that time, Plaintiff Boulos' treating physician was Dr. Yu. SOF ¶ 14.  In August 2001, Dr. Yu prescribed an epidural injection for Plaintiff Boulos and sought approval from Zurich American Insurance Company to administer the injection.  As the Worker's Compensation insurance carrier, Zurich American Insurance Company requested Plaintiff Boulos obtain a second opinion from an independent medical examination. SOF ¶ 24.  Dr. Gordon was selected to conduct the independent medical examination. *Id.*

---

[1]  The Statement of Material Facts As To Which There Is No Genuine Issue To Be Tried is referred to herein as "SOF ¶ ___"; the First Amended Complaint is referred to herein as "Complt. ¶ ___".

Dr. Gordon examined Plaintiff Boulos and determined that Plaintiff Boulos should return to work on full duty.  SOF ¶ 25.  As a result, on August 24, 2001, Zurich American Insurance Company terminated Plaintiff Boulos' Worker's Compensation benefits and instructed Plaintiff Boulos to return to work.  SOF ¶ 26.  Plaintiff Boulos did not feel capable of returning to work and advised Zurich American Insurance and OHMC that he did not believe he could perform his job duties.  SOF ¶ 29.  At this time, Plaintiff Boulos was not eligible for leave under any local or federal statute, and Plaintiff Boulos had no leave under OHMC's leave policy.  SOF ¶ 40.  As a result, Plaintiff Boulos was instructed to return to work on September 8, 2001, resign, or be terminated.  SOF ¶ 31.

On September 6, 2001, after being instructed to return to work, resign, or be terminated, Plaintiff Boulos testified at Sandra Taylor's unemployment compensation hearing.  Complt. ¶¶ 39, 41.  At this hearing, Plaintiff Boulos testified in support of Sandra Taylor.  Complt. ¶ 42.  OHMC was represented at the hearing by Jean Allen and Said Elkhodary.

On September 8, 2001, Plaintiff Boulos returned to work at the Omni Shoreham Hotel.  SOF ¶ 33.  Within hours, Plaintiff Boulos realized he could not perform his job duties.  SOF ¶ 35.  Plaintiff Boulos informed Peter Austin, General Manager of the Omni Shoreham Hotel, that he could not perform his job duties.  Peter Austin instructed Plaintiff Boulos not to work the remainder of the day and to return to the Omni Shoreham Hotel on Monday, September 10, 2001.  SOF ¶ 36.

Plaintiff Boulos left work on September 8, 2001 and returned on the morning of Monday, September 10, 2001.  At that time, Peter Austin asked Plaintiff Boulos if he could perform his job duties.  Plaintiff Boulos confirmed that he could not perform his job duties.

Peter Austin then offered Plaintiff Boulos the option to quit or be terminated.  SOF ¶ 38.
Plaintiff Boulos requested a leave of absence (SOF ¶ 39), but no leave was permitted under
OHMC's policies.  Plaintiff Boulos also requested modified job duties (SOF ¶ 42), but
Plaintiff Boulos was fully released to return to work and, therefore, modified job duties
were not available according to OHMC's policies.  Plaintiff Boulos did not resign and, as a
result, Plaintiff Boulos was terminated on September 10, 2001.

Plaintiff Boulos now claims he was terminated in retaliation for supporting Sandra
Taylor in violation of 42 USC § 1981.

## II.  BASIS FOR MOTION

Defendant Omni Corp. moves for Summary Judgment against Plaintiff Boulos on
the grounds that Plaintiff Boulos was never employed by Omni Corp. and, as such, Omni
Corp. has no liability for any employment-related acts or omissions alleged by Plaintiff
Boulos.  Defendants Omni Corp. and OHMC also move for Summary Judgment against
Plaintiff Boulos on the grounds that Plaintiff Boulos has no competent summary judgment
evidence that he was terminated in retaliation for supporting Sandra Taylor in her charge of
racial discrimination in violation of 42 U.S.C. § 1981.

## III.  SUMMARY JUDGMENT EVIDENCE

Defendants hereby provide notice of their intent to rely upon the following evidence
for this Motion, relevant portions of which are attached as Exhibits to Defendants'
Statement of Material Facts As To Which There Is No Genuine Issue To Be Tried ("SOF")
filed herewith/

A.    Deposition of Tawfik Boulos;

B.    Deposition of Karen Treciak;

C.    Deposition of Naseem Siddiqui;

D.    Deposition of Rahwa Ghebregiorgis;

E.    Declaration of Joy Rothschild;

F.    Plaintiff Tawfik Boulos' First Amended Complaint; and

G.    Plaintiff Tawfik Boulos' Answers to Interrogatories.

The Summary Judgment evidence is incorporated herein by reference.

## IV.  STATEMENT OF POINTS AND AUTHORITIES

A.    Standard for Review

Rule 56 of the Federal Rules of Civil Procedure provides the standard for granting summary judgment.  Rule 56 provides that summary judgment shall be granted if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Johnson v. Digital Equipment Corp.,* 836 F. Supp. 14, 15 (D.C. Cir. 1993); *Richardson v. Nat'l Rifle Assoc.,* 871 F. Supp. 499, 501 (D.D.C. 1994).   Mere allegations or denials by the non-movant are not enough to defeat summary judgment.  *Johnson,* 836 F. Supp. at 15 (evidence that is "merely colorable" cannot prevent the court from granting summary judgment).   "To be material, the factual assertion must be capable of affecting the substantive outcome of the litigation; to be genuine, the issue must be supported by sufficient admissible evidence that a reasonable trier-of-fact could find for the nonmoving party."  *Laningham v. U.S. Navy,* 813 F.2d 1236, 1242-43 (D.C. Cir. 1987); s*ee Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251 (1986).  In fact, the Supreme Court explicitly recognized the summary judgment

procedure as "an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 316, 329 (1986).

For purposes of this Motion only, Omni Corp. and OHMC have assumed the ***facts*** alleged by Plaintiff Boulos are true.  Plaintiff Boulos' unsupported conclusions, however, are not assumed to be true unless supported by factual assertions.

B.    Plaintiff's claim against Defendant Omni Corp. fails as a matter of law.

In employment litigation, such as the case at bar, separate corporations may be considered a single employer under a four-part test: (1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control.  *Hunter v. Ark Restaurants Corp., et al.*, 3 F. Supp. 2d 9, 18 (D.D.C. 1998) (citing *Radio and Television Broadcast Technicians Local Union 1264 v. Broadcast Svc. of Mobile, Inc.*, 380 U.S. 255 (1965) and *EEOC v. St. Francis Xavier Parochial Sch.*, 928 F. Supp. 29, 33 (D.D.C. 1996)).  While no one test is dispositive, the centralized control over labor relations is a central concern.  *Hunter*, 3 F. Supp. 2d at 18 (citing  *St. Francis*, 928 F. Supp. at 33 (citations omitted)).  To warrant a finding of a single employer, the plaintiff "must make a substantial showing" with "sufficient indicia of an interrelationship between the immediate corporate employer and the affiliated corporation…."  *Hunter*, 3. F. Supp. 2d at 18.

Plaintiff Boulos filed suit against both Defendant Omni Corp. and Defendant OHMC.  *See* Plaintiff's First Amended Complaint.  Plaintiff Boulos, however, only worked for OHMC, not Omni Corp.  Statement of Facts (hereinafter "SOF") 70.  Omni Corp is the parent company for OHMC, and Omni Corp. is a holding company with no employees.  Id.

OHMC provided all human resources support for employees such as Plaintiff Boulos.  SOF 71.  Because Omni Corp. has no employees, Omni Corp. is not involved in any of the day-to-day operations of OHMC.  Id.  Omni Corp. and OHMC do not share bank accounts, credit lines, or rules and regulations.  SOF 72 and 74.  Simply put, Omni Corp. is nothing more than a holding company with no involvement in or control over the daily operations or employment decisions of OHMC.  SOF 71.

When a parent company has "no more control over [a subsidiary] than that typically exercised by the parent corporation in a parent/subsidiary corporate relationship….[the parent company] cannot be held liable under [federal] law for the alleged conduct of [the subsidiary]."  *Allen v. Pacific Bell, et al.*, 212 F. Supp. 2d 1180, 1200 (C.D. Calif. 2002). *See also Lusk v. FoxMeyer Health Corp., et al.*, 129 F.3d 773, 781 (5th Cir. 1997) ("This conclusion [that the parent company is not liable for the actions of its subsidiary] is supported by uncontradicted evidence that NII was nothing more than a holding company with no involvement in or control over the daily operations or employment decisions of its FoxMeyer subsidiaries.")  Accordingly, Omni Corp. is not liable for any employment-related claims alleged by Plaintiff Boulos.

C.    Plaintiff's retaliatory discharge claim against OHMC also fails as a matter of law.[2]

OHMC is entitled to summary judgment with respect to Plaintiff's retaliatory discharge claim.  In order to prove a retaliatory discharge claim under 42 U.S.C §1981, Plaintiff must establish that:  (1) he engaged in protected behavior, (2) he was subject to an adverse action by his employer, and (3) there is a causal link between the adverse action

---

[2]  Should the Court not grant summary judgment in favor of Defendant Omni Corp. on the basis that Omni Corp. was not Plaintiff Boulos' employer, Defendant Omni Corp. joins in the remainder of this motion, and for that purpose only, all further references to OHMC apply equally to Defendant Omni Corp.

and the protected activity. *Carney v. American University*, 151 F.3d 1090, 1095 (D.C. Cir. 1998). *See also Richardson*, 871 F. Supp. at 502 (the methods and order of proof under Title VII applies equally under Section 1981). If Plaintiff Boulos is able to establish a *prima facie* case for retaliatory discharge, then OHMC may articulate a nondiscriminatory reason for its actions. *Hunter*, 3 F. Supp. 2d at 20 (D.C. Cir. 1998). Once the employer presents a nondiscriminatory reason for its actions, it is the plaintiff's ultimate burden to present sufficient evidence to prove that the employer's reason was a pretext for retaliation, and that the plaintiff has been a victim of discriminatory treatment. *Hunter,* 3 F. Supp. 2d at 20; *Blocker v. Giant Food, Inc.,* 187 F. Supp. 2d 499, 505 (D.Md. 2002).

In his First Amended Complaint, Plaintiff Boulos identified two specific incidents he believes were in retaliation for his protected activity: (1) Plaintiff Boulos was asked to resign his position with Defendant OHMC; and (2) when Plaintiff Boulos refused to resign, he was terminated. Plaintiff Boulos' First Amended Complaint at 43-44. Omni does not dispute that Plaintiff Boulos is able to demonstrate that he was engaged in protected activity and he was subjected to an adverse employment action. However, this minimum threshold is all that Plaintiff Boulos can meet. Plaintiff Boulos' own testimony disproves the third element—that a causal connection existed between Plaintiff Boulos' protected activity and Defendant OHMC's decision to terminate his employment. Additionally, even if Plaintiff Boulos can establish a prima facie case, Defendant OHMC had a legitimate, non-retaliatory reason for discharging Plaintiff Boulos. Finally, there is no evidence that shows Defendant OHMC's reason for discharging Plaintiff Boulos was a pretext for retaliation. Accordingly, Plaintiff Boulos' retaliatory discharge claim fails as a matter of law.

> 1.    *Plaintiff Boulos cannot show a causal connection between his discharge and his support for Sandra Taylor.*

To prove a causal connection between his support for Sandra Taylor and his termination, Plaintiff Boulos must provide some evidence linking the two events. Admittedly, when the adverse action occurs soon after the protected activity, a causal connection may be found. *See Holcomb v. Powell*, 433 F.3d 889, 903 (D.C. Cir. 2006) (citations omitted). The "close in time" standard, however, is not dispositive. *Raggs v. Mississippi Power & Light Co.*, 278 F.3d 463, 471 (5th Cir. 2002) ("the mere fact that some adverse action is taken *after* an employee engages in some protected activity will not *always* be enough for a *prima facie* case....Title VII's protection against retaliation does not permit EEOC complainants to disregard work rules or job requirements.") (citing *Swanson v. General Servs. Admin.*, 110 F.3d 1180, 1188 n. 3 (5th Cir. 1997)). When intervening events occur during the period between the protected activity and the adverse action, the causal chain may be broken. *Manatt v. Bank of America, NA*, 339 F.3d 792, 802 (9th Cir. 2003); *see also Ghirmai v. Northwest Airlines, Inc.*, 131 Fed. Appx. 609, 611 (9th Cir. 2005) (citing *Manatt*, 339 F.3d at 802).[3] Moreover, when independent third parties become involved, these third parties also may eliminate any causal connection that exists purely based on temporal proximity. *Tenkku v. Normandy Bank*, 348 F.3d 737, 742 (8th Cir. 2003). Finally, when an employee repeatedly engages in protected activity and then suffers an adverse employment action as a result of non-protected activity, the intervening non-protected activity destroys any causal connection. *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1136 (8th Cir. 1999).

---

[3] *Ghirmai v. Northwest Airlines, Inc.* is an unpublished opinion and is attached hereto for the Court's reference.

The only evidence Plaintiff Boulos has which may show a causal connection is the close temporal proximity between his testimony on September 6, 2001 and his termination on September 10, 2001. SOF 46-47. Several undisputed facts, however, preclude a finding of a causal connection: (1) Plaintiff Boulos supported Sandra Taylor in July 2001, two months before he was terminated in September 2001; SOF 19-20 and 45, (2) Plaintiff Boulos was released to return to work in September 2001 by an independent insurance carrier relying on an independent medical examination; SOF 24-26 and 33, and (3) when he returned to work in September 2001, Plaintiff Boulos could not perform his job duties and was ineligible for light duty or a leave of absence. SOF 35, 40, and 56.

Ultimately, Plaintiff Boulos cannot show a causal connection between his protected activity and his adverse employment action; Plaintiff Boulos' only <u>factual</u> support is a <u>theory</u> of temporal proximity and this theory does not hold in light of the facts present in the case at bar. Taken separately, any one of these undisputed facts destroys any causal connection between Plaintiff Boulos' protected activity and the adverse employment action. Taken together, these three undisputed facts leave no doubt that Plaintiff Boulos' claim for retaliatory discharge must fail.

2.    *OHMC has a legitimate, non-retaliatory reason for Plaintiff's termination.*

Even if Plaintiff Boulos is able to establish a *prima facie* case of retaliatory discharge, OHMC has the opportunity to provide evidence of a legitimate, non-retaliatory reason for the termination. *Richardson,* 871 F. Supp. at 502. OHMC, in fact, does have a legitimate, non-retaliatory reason for terminating Plaintiff—specifically, Plaintiff Boulos had a release to full duty but could not perform the requirements of his position. Consequently, Plaintiff Boulos was terminated. Plaintiff Boulos, however, claims his

release to return to work on full duty by Zurich Insurance and his allegedly cursory independent medical examination somehow demonstrate evidence of retaliation.  SOF 48.

When an independent third party makes decisions affecting a plaintiff, the plaintiff must show either that the third party knew of the plaintiff's protected activity or the third party is acting upon the implicit or explicit orders of a third party who has the requisite knowledge.  *Kennedy v. St. Francis Hosp.*, 225 F. Supp. 2d 128, 143-44 (D. Conn. 2002).  In *Kennedy*, just as in the case at bar, an independent Worker's Compensation insurance carrier took adverse actions which the plaintiff attempted to impute to her employer.  *Id*. at 142.  The court in *Kennedy*, however, ruled that "there is no genuine issue of material fact on the causation element of the prima facie case given the uncontradicted evidence that [the employer] played no role in the processing or investigation of [the plaintiff's] worker's compensation claims."  *Id.*  In *Kennedy*, the Worker's Compensation carrier provided an affidavit that the carrier "has the sole authority to decide which claims to investigate and never solicited [the employer's] opinion with regard to the investigation of [the plaintiff's] claim. *Id.* at 144.

In the case at bar, Karen Treciak, the Claims Analyst for Zurich American Insurance, testified in a deposition that only Zurich American Insurance had authority to determine how Plaintiff Boulos' claim would proceed.  Specifically, Karen Treciak testified that (1) she terminated Plaintiff Boulos' Worker's Compensation benefits; SOF 61, (2) her decisions were based on her understanding of the law of the District of Columbia and Zurich American Insurance's policies and procedures; SOF 50, (3) OHMC had no involvement in her decision-making process; SOF 58, and (4) OHMC had no right or authority to determine the outcome of Plaintiff Boulos' Worker's Compensation claim.

- 11 -

SOF 59, 60, 63  Plaintiff Boulos has offered no evidence to contradict these unambiguous statements.  SOF 49, 51, 52, 68, and 69.

> 3.    *Plaintiff has no evidence showing Omni's reason to be a pretext for retaliation.*

There is no evidence supporting a claim that OHMC's reason for discharging Plaintiff Boulos was a pretext for retaliation.  In order to demonstrate pretext for retaliation, "plaintiff must prove by a preponderance of the evidence that the proffered reason was but a pretext for retaliation." *Barnes v. Small,* 840 F.2d 972, 978 n.4 (D.C. Cir. 1988).  Moreover, the fact that Omni "did not merely articulate--but substantially established--legitimate, non-discriminatory reasons for [Plaintiff's] discharge renders more difficult [Plaintiff's] task of proving pretext…." *Richardson*, 871 F.Supp. at 503 (quoting *Meiri v. Dacon*, 759 F.2d 989, 997 (2d Cir. 1985)).

Plaintiff Boulos has no evidence that OHMC's legitimate, non-retaliatory reason for discharging him is actually a pretext for discrimination.  SOF 49, 51, 52, 68, and 69.  In fact, Plaintiff Boulos' own testimony confirms that OHMC's reason for terminating Plaintiff Boulos—because he was unable to perform his job duties—was confessed and conceded by Plaintiff Boulos on multiple occasions.  SOF 29, 35, and 46.  Plaintiff Boulos knows of no other similarly situated employees who were treated more favorably.  SOF 53.  Plaintiff Boulos' only evidence in support of his claim is his belief that OHMC had a duty to intervene on his behalf and failed to do so.  SOF 66-69.  The undisputed facts, however, show that OHMC not only had no duty to intervene on behalf of Plaintiff Boulos, OHMC had no right whatsoever to do so.  SOF 50, 58-60, 63.

As there is no genuine issue of material fact, and the undisputed facts show that Plaintiff Boulos has no evidence that OHMC's proffered reason is a pretext for retaliation, Defendant OHMC is entitled to summary judgment as a matter of law.

## V.  <u>CONCLUSION</u>

For the foregoing reasons, Defendants Omni Hotels Corporation and Omni Hotels Management Corporation hereby request this Court grant their Motion for Summary Judgment and that judgment be rendered in favor of Defendants.

Dated:  June 26, 2006                          Respectfully submitted,

_____/s/_____
Michael E. Coles
The Coles Firm, P.C.
3838 Oak Lawn Ave., Suite 1825
Dallas, Texas 75219
214-443-7862 – Telephone
972-692-7145 – Facsimile

_____/s/_____
Amy L. Bess, D.C. Bar No. 418985
Sonnenschein Nath & Rosenthal LLP
1301 K Street, NW
Suite 600, East Tower
Washington, DC 20005
202-408-6400 – Telephone
202-408-6399 – Facsimile

Counsel for Defendants Omni Hotels
Management Corp. and Omni Hotels Corp.