# EXHIBIT G

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Sandra Taylor | ) | |
| and | ) ) | |
| Tawfik Boulos | ) ) | |
| Plaintiffs, | ) ) | **Civil Action No. 1:05-CV-01175** |
| v. | ) ) | **Judge Henry H. Kennedy** |
| Omni Hotels Management Corporation et. al. | ) ) | |
| Defendants. | ) ) | |

### TAWFIK BOULOS' RESPONSES TO DEFENDANTS'
### FIRST SET OF INTERROGATORIES

Plaintiff Tawfik Boulos, through his counsel, hereby responds to Defendants Omni Hotel Management Corporation and Omni Hotel Corporation's First Set Of Interrogatories, and states as follows:

### GENERAL OBJECTIONS

1.    Boulos objects to these Interrogatories to the extent that they would require him to reveal attorney work product or material protected by the attorney-client privilege.

2.    Boulos objects to these Interrogatories to the extent that they would expand his obligations beyond those imposed by applicable law and rules of procedure.

3.    Boulos objects to these Interrogatories to the extent that they would require him to obtain information not within his custody, possession or control.

4.    Boulos objects to these Interrogatories to the extent that they would require him

to provide information that is neither relevant nor calculated to lead to the discovery of admissible evidence.

## INTERROGATORIES

**INTEROGATORY NO. 1:** State all factual observations, tests, supporting data, calculations and opinions of each person identified in your Disclosures who you expect to call as an expert, fact, or opinion witness.

> **RESPONSE:** Objection: The interrogatory is vague, overly broad and unduly burdensome in that it would be impossible for Mr. Boulos to identify with any certainty all factual observances and opinions of each person identified in Plaintiffs' Disclosures. Notwithstanding the objection, Mr. Boulos states as follows: Mr. Boulos has not yet determined whether to call any expert witnesses. Sandra Taylor is expected to provide information relating to claims of discrimination asserted in this case; Nathaniel Foxworth is expected to provide information relating to claims of discrimination and retaliation asserted in this case; Said Elkhodary is expected to provide information relating to claims of discrimination asserted in this case; Jean Allen is expected to provide information relating to discrimination and retaliation claims asserted in this case and information regarding company policy and procedures addressing such claims; Vicki Finn is expected to provide information relating to discrimination and retaliation claims asserted in this case and information regarding company policy and procedures addressing such claims; Cedric White is expected to provide information relating to discrimination claims asserted in this case; Angela Bascombe is expected to provide information relating to discrimination claims asserted in this case; Mabel Boatwright is expected to provide information relating to discrimination claims asserted in this case; Mary Goodine is expected to provide information relating to discrimination claims asserted in this case; Mary Proctor is expected to provide information relating to discrimination claims asserted in this case; Diane Payton is expected to provide information as to location of witnesses; Karen Treciak is expected to provide information relating to retaliation claims asserted in this case and the procedure for processing of workers' compensation claims for Omni Hotels; Jeff Smith is expected to provide information relating to discrimination and retaliations claims asserted in this case; Peter Austin is expected to provide information relating to the discrimination and retaliation claims asserted in this case; Chuck Wing is expected to provide information relating to discrimination and retaliation claims asserted in this case; Dr. Warren D. Yu is expected to provide information relating to Mr. Boulos' medical condition and workers' compensation claim.

2

**INTEROGATORY NO. 2:** Please identify what claims of harassment or discrimination of any manner that you have made, including a description of the incident, date, and parties involved or witnessing the incident.

**RESPONSE:** Objection. The interrogatory is vague, overly broad and unduly burdensome in that it would be impossible for Mr. Boulos to know of all the parties involved in any discriminatory or harassing incident or all who may have witnessed any discriminatory or harassing incident. Notwithstanding the objection, Mr. Boulos states as follows:

Mr. Boulos has not alleged any claims of harassment or discrimination before his employment at the Omni Shoreham Hotel.

Mr. Boulos has asserted a § 1981 claim for retaliation against Omni Hotels Management Inc. and Omni Hotels, Inc. Omni retaliated against Mr. Boulos when he protested the racial discrimination perpetrated on Sandra Taylor by Said Elkhodary. The incidents of retaliation against Mr. Boulos are as follows:

Sometime in March of 2001, Said Elkhodary refused to provide Mr. Boulos with his 90-day performance evaluation in response to Mr. Boulos' refusal to terminate Ms. Taylor because of her race.

Sometime in August of 2001, Jean Allen threatened Mr. Boulos with retaliatory action if he testified favorably at Taylor's unemployment compensation hearing.

Sometime after the August 2001 meeting with Allen, Allen and/or the management at the Omni Hotel retaliated against Mr. Boulos when he testified favorably at Sandra Taylor's unemployment compensation hearing. Throughout August and September of 2001, Allen and Peter Austin continued to retaliate against Mr. Boulos by insisting that he return to work against his personal physician's orders.

On September 10, 2001, Allen and Austin retaliated against Mr. Boulos when they terminated his employment in response to his protest against Elkhodary's discriminatory actions toward Sandra Taylor.

See also Plaintiffs' complaint, the documents produced in response to Defendants' requests for production, and Tawfik Boulos' deposition for additional incidents of retaliation against Mr. Boulos.

3

**INTEROGATORY NO. 3:** Identify every lawsuit, administrative action or other judicial or quasi-judicial proceeding to which you have ever been a party, by providing for each the parties, the court (or other forum), the case number, the basis of the dispute and the result of the litigation or proceeding.

> **RESPONSE:** Mr. Boulos has never been a party to a lawsuit, administrative action or judicial or quasi-judicial proceeding other than the instant action.

**INTEROGATORY NO. 4:** Identify every communication, whether written or oral, between you and any current or former employee(s) of Defendant regarding the subject matter that is the basis of the Complaint, by providing the date and time of each such communication, the parties to each such communication, the substance of each such communication and whether each communication was written or oral.

> **RESPONSE:** Objection. This Interrogatory is vague, unduly burdensome, and overly broad. Mr. Boulos may not be able to identify every communication, let alone the date, time and substance of every communication, regarding his claims of retaliation or whether or not any of the participants to any verbal communication reduced such communication to writing. Notwithstanding the objection, Mr. Boulos states the following:
>
> Unless otherwise noted, the following communications were made verbally and never reduced to writing by Mr. Boulos.
>
> Beginning in January 2001, Said Elkhodary began regularly using racially discriminatory language regarding African American employees and Sandra Taylor, in particular, in his conversations with Mr. Boulos.
>
> Sometime in January and February of 2001, Elkhodary told Mr. Boulos he should not live in a certain part of town because it had a large African American population. During this time frame, Elkhodary continued to use racially derogatory language in reference to Taylor when speaking to Mr. Boulos. Mr. Boulos also regularly witnessed Elkohdary treat Taylor in a rude and disrespectful manner.
>
> In February of 2001, Mr. Boulos participated in a conversation with Jeff Smith and Elkhodary regarding terminating or demoting Taylor.

4

In February or March of 2001, Mr. Boulos and Taylor met with Nathaniel Foxworth to discuss Elkhodary's discrimination against and harassment of Taylor.

On several occasions between January and March of 2001, Elkhodary told Mr. Boulos to terminate Taylor despite Mr. Boulos protests that there was no valid reason to do so. In March of 2001, Elkhodary verbally refused to provide Mr. Boulos with his 90-day performance evaluation in response to Mr. Boulos' refusal to terminate Ms. Taylor because of her race.

Sometime in February of 2001, Elkhodary asked Mr. Boulos if an applicant for a position recommended by Mr. Boulos was African American.

On June 3, 2001, Elkhodary asked Mr. Boulos the whereabouts of Taylor. Mr. Boulos told Elkhodary that Taylor was in the Laundry Department and followed Elkhodary to the Laundry Department. There, Mr. Boulos witnessed Elkhodary yell at Taylor and subsequently leave the room. After Mr. Boulos returned to his office, Taylor entered his office and the two discussed the incident.

On June 6, 2001, Mr. Boulos injured his back and informed Elkhodary of the injury.

On or around June 7, 2001, Elkhodary told Mr. Boulos to go to the hospital because Mr. Boulos was clearly in pain.

Sometime in July of 2001, Mr. Boulos and Chuck Wing discussed Said Elkhodary's discriminatory and harassing treatment of Sandra Taylor.

Sometime in August of 2001, Mr. Boulos went to the hotel to hand in a doctor's note. At that time, Jean Allen spoke with Mr. Boulos regarding Sandra Taylor's claim for unemployment compensation and complaints of discrimination and harassment.

On or about August 6, 2001, Mr. Boulos testified at Taylor's unemployment compensation hearing as to Elkhodary's racial harassment and discrimination against Taylor.

Sometime after the August 2001 meeting with Allen, Mr. Boulos received several calls from Karen Treciak, a representative of Omni's insurance company, Zurich. During one of these calls, Treciak informed Mr. Boulos that Zurich would be sending him to see an Independent Medical Examiner ("IME").

In late August or early September of 2001, Allen and Mr. Boulos had a telephone conversation regarding Omni's demand he return to work and the fact that Mr. Boulos' personal physician had not released him to return.

In early September of 2001, Mr. Boulos participated in a conference call with Allen and Austin regarding the fact that Mr. Boulos' personal physician had not yet released him to return to work.

5

In early September of 2001, Mr. Boulos and Austin discussed Boulos' premature return to work and the fact that Mr. Boulos was still in a high degree of pain.   Austin and Mr. Boulos also discussed the IME's opinion that Boulos was fit to return to work.

On September 10, 2001, Allen and Austin informed Mr. Boulos that he either return to work on a regular basis, and if he could not he could either resign or be terminated.  Mr. Boulos refused to violate his doctor's orders to remain out of work and refused to resign. Mr. Austin then terminated Mr. Boulos' employment.

During his employment with Omni, Sandra Taylor discussed Elkhodary's discriminatory and harassing treatment of her with Mr. Boulos on an approximately weekly basis.  During the last two months of her employment, Taylor discussed Elkhodary's discriminatory and harassing treatment of her with Mr. Boulos approximately twice a week.   After Taylor's constructive discharge from Omni, she spoke with Mr. Boulos on the telephone approximately two or three times regarding the events surrounding her discharge.  After Mr. Boulos's termination until the time he retained counsel, Mr. Boulos and Taylor discussed Omni's discriminatory treatment on a few occasions.

Mr. Boulos maintains that any further communications between Mr. Boulos and Taylor after the date he retained counsel on around August of 2003 are privileged.

See also Plaintiffs' complaint, the documents produced in response to Defendants' requests for production, and Tawfik Boulos' deposition for additional communications regarding the subject matter that is the basis of Mr. Boulos' complaint.

**INTEROGATORY NO. 5:** Please identify every person in any way assisting with the

preparation and providing information in connection with answering these Interrogatories.

> **RESPONSE:** Objection: This may call upon Mr. Boulos to reveal information protected by the attorney-client privilege.  Notwithstanding the objection, he states as follows:

> Mr. Boulos and his attorneys prepared these interrogatory responses by relying on Mr. Boulos' memory and various documents produced by him pursuant to Defendants' document requests in this action.

**INTEROGATORY NO. 6:** Identify each employer, including yourself, by whom you

have been employed in the ten (10) years prior to the date of service of these interrogatories,

and continuing through the date of hearing, by providing the full name, address and telephone

number of each employer, your respective dates of employment with each employer, your job

title(s), your compensation and the name of each of your immediate supervisors.

> **RESPONSE:** Objection: The interrogatory is overly broad, unduly burdensome and not relevant and not calculated to lead to the discovery of admissible evidence. Notwithstanding the objection, Mr. Boulos states the following:
>
> Whitetail Club, McCall, Idaho, May 2002 – November 2005 - Executive Housekeeper;
> Omni Shoreham Hotel, Washington, DC – January 2001 – September 2001 – Director of Housekeeping;
> Adams Mark Hotel, Dallas Texas, March 2000 – January 2001 – Director of Housekeeping;
> Wyndham Anatole Hotel, Dallas, Texas, June 1999 – March 2000 – Director of Housekeeping Services;
> Grand Travers Resort & Spa, Travers City, MI, March 1998 – May 1999 – Director of Guest Support Services;
> The Horseshoe Hotel and Casino Las Vegas, Las Vegas, NV, August 1994 – March 1998 – Director of Housekeeping;
> Palm Springs Riveria Resort, Palm Springs, CA, January 1992 – July 1994 – Director of Housekeeping.

**INTEROGATORY NO. 7:** Identify every criminal offense of which you have been convicted or pleaded in any way in the past ten (10) years, by including the type of offense, the date of each conviction, and the court in which each conviction took place.

> **RESPONSE:** Mr. Boulos has not been convicted of or pled to any criminal offense in the last ten years.

**INTEROGATORY NO. 8:** If you have made application for employment since the date you left the employment of Defendant, please state:

(a)      The names, addresses and telephone numbers of all employers to whom you have made written or oral inquiries regarding employment;

(b)      The dates all such inquiries were made; and

(c)      All offers of employment you received as a result of such inquiries, including the position and rate of compensation offered and whether you accepted or rejected each offer.

7

**RESPONSE:** Objection. This Interrogatory is vague, unduly burdensome, and overly broad and not calculated to lead to the discovery of admissible evidence. Nothwithstanding this objection, Mr. Boulos states as follows:

Mr. Boulos was contacted by a former supervisor he knew from prior employment at the Palm Springs Riveria Resort and offered employment with the Whitetail Club, McCall Idaho, in May of 2002. Between the time he received his last workers' compensation check in August of 2001 and May of 2002, Mr. Boulos was recuperating from the back injury sustained while employed at Omni Shoreham Hotel and did not seek or apply for any employment.

**INTEROGATORY NO. 9:** State whether you filed for unemployment compensation at any time subsequent to your employment with Defendant and, if so, state the total amount of unemployment compensation you received.

**RESPONSE:**    Objection. This Interrogatory is vague, unduly burdensome, and overly broad and not calculated to lead to the discovery of admissible evidence. Nothwithstanding this objection, Mr. Boulos states as follows:

Mr. Boulos attempted to file for unemployment compensation after Omni terminated his employment. He was denied unemployment compensation due to the fact that he had sustained an on the job injury and could not work because of that injury. Mr. Boulos never received any unemployment compensation.

**INTERROGATORY NO. 13:** Identify when, by date, you first became aware of the Defendants policies and procedures regarding claims of discrimination or harassment and identify what procedures you followed from the policy, indicating the action and the date submitted.

**RESPONSE:** Objection: The interrogatory is overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Notwithstanding the objection, Mr. Boulos states as follows:

Mr. Boulos became aware that Defendant allegedly prohibited discrimination based on race, sex, national origin and religion and retaliation for protesting such discrimination and harassment sometime in January of 2001.

**INTERROGATORY NO. 14**: Describe any illness or injury that you had during from June 1st to June 13th 2001, and whether you sought medical attention; providing the names, addresses and phone numbers for all medical attention you sought prior to June 13, 2001.

> **RESPONSE:**   Objection. This Interrogatory is vague, unduly burdensome, and overly broad. Nothwithstanding this objection, Mr. Boulos states as follows:
>
> On June 6, 2001, Mr. Boulos injured his back while working at the Omni Shoreham Hotel. On June 11, 2001, Mr. Boulos sought treatment for this injury at the George Washington University Hospital Emergency Room.   Please see also Plaintiffs' complaint and production of documents to Defendants.

**INTERROGATORY NO. 15**: Describe any other reason (other than injury), that you could not return to work after June 13, 2001.

> **RESPONSE:** Objection: The interrogatory is overly broad, unduly burdensome and not relevant. Notwithstanding the objection, Mr. Boulos states as follows:
>
> Other than the injury he sustained to his back on June 6, 2001, while working at the Omni Shoreham Hotel, Mr. Boulos did not have any other reason that he could not have returned to work at the hotel.

**INTERROGATORY NO. 16:** Disclose the identity of any consulting expert witness, include the opinions or work product which may have been reviewed for this case.

> **RESPONSE:** Mr. Boulos has not yet determined whether to call any expert witness.

**INTERROGATORY NO. 17:** Describe any conversations with any supervisors or other employees that you had about Co-Plaintiff Sandra Taylor during 2001.

> **RESPONSE:** Objection: The interrogatory is vague, overly broad and unduly burdensome. Notwithstanding the objection, please see the answers to Interrogatories No. 2 and No. 4.

9

**INTERROGATORY NO. 18:** Identify when and under what circumstances you separated from all previous employment.

> **RESPONSE:** Objection: The interrogatory is vague, overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Nothwithstanding the objection, Mr. Boulos states as follows:

Other than his retaliatory termination from the Omni Shoreham Hotel, Mr. Boulos has voluntarily and on good terms left all prior employers.

Respectfully submitted,

THE GOLDSMITH LAW FIRM

Leizer Z. Goldsmith
D.C. Bar No. 419544
Kristen L. Walsh
1900 L Street, N.W.
Suite 614
Washington, D.C. 20036
202-775-0040

## CERTIFICATE OF SERVICE

I certify that I served, by Email and First Class Mail, postage prepaid, the following counsel with one copy of the foregoing Tawfik Boulos' Response to Defendants' First Interrogatory Responses this 18th day of November, 2005:

Mike Coles
Lisa T. Edwards
The Coles Firm, P.C.
3838 Oak Lawn Ave, Suite 1825
Dallas, TX 75219
214-443-7832 (phone)
972-692-7145 (fax)
Attorney for Defendants


Kristen L. Walsh

11