UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| TAWFIK BOULOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1175 |
| ) | (HHK) (AK) |
| OMNI HOTELS MANAGEMENT, *et. al*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

Pending before the court is Plaintiff's Motion to Compel [11] (Mot.), Defendants' Memorandum in Opposition and Motion for Protective Order [13]/[17] (Opp'n), and Plaintiff's Reply [16]. Plaintiff's motion challenges Defendants' claim of work product protection and attorney-client privilege for a series of documents. The Plaintiff's Motion to Compel is GRANTED. The Defendants' Motion for Protective Order is DENIED without prejudice.

**Background**

The Plaintiff, Mr. Tawfik Boulos, has filed this suit against the Defendants, Omni Hotels Management Corporation and Omni Hotels Corporation, alleging that Defendants unlawfully terminated his employment in retaliation for his opposition to Defendants' discrimination against another employee. According to Mr. Boulos, Defendants fired him because he supported Ms. Sandra Taylor in her race discrimination claim against Defendants. Ms. Taylor, who originally was also a Plaintiff in this case (she has since settled), claimed she was constructively discharged

1

after members of the Defendants' staff harassed her and made racially discriminatory remarks to her and others. (Mot. at 2.) Mr. Boulos testified in support of Ms. Taylor at her unemployment compensation hearing.

The Plaintiff has sought information clarifying the reason for Mr. Boulos' termination. The Defendants have supplied some documents but maintain that others are privileged. (Opp'n at 2.) Defendants also claim privilege on several documents whose inadvertent disclosure was later discovered. (Id. at 3.) After the filing of amended privilege logs and a conference call with Judge Kennedy, the parties were unable to resolve the privilege disputes. (Id.; Mot. at 4.)

## Analysis

The contested documents can be divided into three groups: first, the documents for which privilege has been waived by inadvertent production; second, documents which, according to the information provided in the privilege log, are not privileged; and third, those documents for which the information in the privilege log is simply inadequate to make a decision on whether or not they are protected.

### I.   Documents For Which Privilege is Waived

Plaintiff claims that Defendants have waived their attorney-client privilege for a group of documents that Defendants inadvertently disclosed to the Plaintiff. Defendants argue that their inadvertent disclosure did not waive the privilege because they took steps to recover the documents within a reasonable time after learning of the disclosure. Notwithstanding Defendants' attempts to recover the documents, the privilege has been waived. Taking reasonable steps to recover privileged materials only preserves the privilege in cases of "involuntary" disclosure. See SEC v. Lavin, 111. F.3d 921, 929-30 (D.C. Cir. 1997)

2

(distinguishing between involuntary and inadvertent disclosures).  In cases of "inadvertent" disclosure, however, a party may only avoid waiver by showing that a third party acquired the materials despite the party taking all possible precautions to avoid disclosure in the first instance.  See In re Sealed Case 877 F.2d 976, 980 & n.5 (D.C. Cir. 1989).

    The Defendants discovered that they had inadvertently produced documents to the Plaintiff during the January 19, 2006 deposition of Jean Allen when the Plaintiff introduced the document Bates-stamped 1613 and labeled "correspondence" in the Defendants' privilege log. (Opp'n at 3.)  The Defendants originally produced the documents to Plaintiff on December 22, 2005.  (Mot. at 3.)  The Defendants then claimed attorney-client privilege on this document as well as the documents stamped 1629-1633.  In a letter dated February 23, 2006, they asked Plaintiff to return those documents.  Though the Plaintiff returned the other documents,[1] he retained 1613, claiming that its disclosure waives privilege.

    Courts follow three distinct approaches in determining whether inadvertent disclosure waives attorney-client privilege.  See Gray v. Bicknell, 86 F.3d 1472, 1483 (8th Cir. 1996) (discussing three approaches).  The District of Columbia follows the strictest approach, holding that any document produced to the other party loses its privileged status.  See In re Sealed Case, 877 F.2d 976, 980 (D.C. Cir. 1989); see also United States v. De la Jara, 973 F.2d 746, 749 (9th Cir.1992).  No special allowance is made for mistake, as "...the amount of care taken to ensure confidentiality reflects the importance of that confidentiality to the holder of the privilege..." and thus "an inadvertent disclosure will waive the privilege."   In re Sealed Case, 877 F.2d at 980.

---

[1] The Plaintiff asserts that he turned over the remaining documents because Defendants had already produced other documents that were nearly identical. (Mot. at 10-11.)

By contrast, in cases of involuntary disclosure (disclosure that is made against the will of the party – for example, by a third party who has the same information or because the party is forced to disclose it as the result of a court order) the initial disclosure does not automatically waive privilege. See S.E.C. v. Lavin, 111 F.3d 921, 930 (D.C. Cir. 1997); In re Sealed Case, 676 F.2d 793, 817 (D.C. Cir. 1982); Bowles v. Nat'l Ass'n of Home Builders, 224 F.R.D. 246, 253 (D.D.C. 2004). In those cases, actions that attempt to remedy the situation may, in fact, preserve privilege.

Essentially, this circuit treats inadvertent disclosure as voluntary because such disclosure is entirely within the disclosing party's control. See In re Sealed Case, 877 F.2d 976, 980 (D.C. Cir. 1989) (refusing to distinguish between the different "degrees of voluntariness" in cases of inadvertent disclosure); see also United Mine Workers of Am. v. Arch Mineral Corp., 145 F.R.D. 3, 6 (D.D.C. 1992). The entire line of cases on which the Defendants rely apply to involuntary (rather than inadvertent) disclosure. Here, Defendants, mistakenly gave ostensibly privileged materials to the opposing party. This disclosure was not forced on Defendants or otherwise outside their control. Nor have Defendants submitted any evidence showing that they took all possible precautions to avoid disclosure. See United Mine Workers of Am., 145 F.R.D. at 6; but see In re UMW Emple. Benefit Plans Litigation, 156 F.R.D. 507, 513 (D.D.C. 1994) (declining to find disclosure without a showing that opposing party reviewed documents in sufficient detail to learn their substance or 'gist'). Defendants have therefore waived their attorney-client privilege, regardless of any protective steps they took to recover the document after its disclosure.

## II.   Documents For Which Privilege is Not Merited

Even if Defendants had not waived their attorney-client privilege for document No. 1613, the information provided in the privilege log demonstrates that attorney-client privilege would still not apply.  The only parties to document No. 1613 as listed in the Defendant's privilege log are J. Allen, Human Resources Director for the Omni Shoreham Hotel, and P. Austin, the hotel's General Manager.  A communication is only privileged if the person to whom the communication is made is a lawyer (or his subordinate) acting as such in connection with the communication.  See In re Sealed Case, 737 F.2d 94, 98-99 (D.C. Cir. 1984); Cobell v. Norton, 377 F. Supp. 2d. 4, 9 (D.D.C. 2005).  Moreover, "the party asserting the privilege bears the burden of proving that the communications are protected." In re Lindsay, 148 F.3d 1100, 1106 (D.C. Cir. 1998).  Neither party to this document is a lawyer, nor have Defendants provided any evidence suggesting that either J. Allen or P. Austin are in any way acting on a lawyer's behalf.  The attorney-client privilege therefore does not apply.

Nor does the attorney-client privilege apply to the documents Bates-stamped 2116 - 2142 and described by the Defendants as "notes and correspondence."  From the information given, there is no attorney party to this communication either (the parties listed are: J. Allen; C. Wing, the Regional Human Resources Director for Omni; and K. Treciak, a claims specialist with Omni's insurer, Zurich).  Because Defendants have not demonstrated that any attorney (or subordinate) was a party to the communications, attorney-client privilege cannot be asserted for these documents and they must be disclosed.

## III.   Inadequacy of the Privilege Log

Defendants have provided six different privilege logs (including "amended" and

"supplemental" logs) over a span of six months, none of which gives the Plaintiff or the court sufficient information to determine if the documents listed are protected. Though Defendants claim that the quality of the log is a secondary issue in comparison to the privileged status of the documents, that status cannot be evaluated without an adequate log. As the party claiming privilege, the Defendants bear the burden of demonstrating that the documents are in fact privileged. Fed. R. Civ. P. 26(b)(5). See In re Lindsay, 148 F.3d 1100, 1106 (D.C. Cir. 1998).

In order to claim any privilege or protection, a party must identify the basis on which privilege is claimed, to which part of the request for information a particular document might respond, the subject matter of the document, the number of pages, the author, the date created, and the identities of "all persons to whom the original or any copies of the document were shown or provided." Dir. of the Office of Thrift Supervision v. Ernst & Young, 795 F. Supp. 7, 11-12, 13 (D.D.C. 1992). The Defendants fall far short of meeting these prerequisites. There are glaring gaps in the descriptions of several documents, some of which name only one party to a telephone call, for example, and all of which fail to specify which parties are the author(s) of the document and which are the recipient(s). Nowhere is the general subject matter of any document described (this is especially important when evaluating whether work product protection applies), nor is any document identified as responding to a particular part of the Plaintiff's requested discovery.

The Defendants leave the impression that they are trying to put as little work as possible into their privilege log. This minimal effort, however, is simply insufficient to support the privileges they claim. The Defendants will have one last opportunity to submit, within ten days, an adequate privilege log following the guidelines set out by the court and described above. If no

privilege log is submitted within 10 days, or if the new privilege log is also insufficient, the court may consider bypassing the option of *in camera* review and may find the privilege waived with respect to all challenged documents. See <u>Bowne of New York City, Inc. v. AmBase Corp.</u>, 150 F.R.D. 465, 475-76 (S.D.N.Y. 1993) (noting appropriateness of finding waiver in light of party's repeated failure to adequately support its claims of privilege, but granting "one last opportunity to make a proper showing").

### IV.     **Defendants' Motion for Protective Order**

Beyond captioning their opposition as "Defendants' Response to Plaintiff's Motion to Compel Discovery & Motion for Protective Order," Defendants make no mention of a protective order, nor do they identify what information they wish to protect. Defendants' motion for a protective order is therefore denied without prejudice.

Accordingly, for the reasons set forth herein, it is this _29th_ day of June hereby

ORDERED that the Defendants will file an amended privilege log within ten days from the date of this Order, and it is

FURTHER ORDERED that Defendants shall produce documents Bates-Stamped 2116-2142, and it is

FURTHER ORDERED that the Defendants have waived the attorney-client privilege for document Bates-stamped 1613.

SO ORDERED.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE