IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TAWFIK BOULOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:05-CV-1175-HHK |
| | § | |
| OMNI HOTELS MANAGEMENT CORPORATION | § § | |
| | § | |
| and | § | |
| | § | |
| OMNI HOTELS CORPORATION, | § | |
| | § | |
| Defendants. | § | |

DEFENDANTS' MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S CONTESTED MOTION TO ENLARGE TIME
TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COME NOW, Defendants Omni Hotels Management Corporation ("OHMC") and Omni Hotels Corporation ("Omni Hotels") (collectively hereinafter "Defendants"), and file this Memorandum in Opposition to Plaintiff's Contested Motion to Enlarge Time to Respond to Defendants' Motion for Summary Judgment.

Plaintiff's Motion seeks an unknown extension of time to file a Response to Defendants' Motion for Summary Judgment. Defendants oppose Plaintiff's Motion to the extent Plaintiff's Motion seeks an unspecified extension. Plaintiff seeks this extension for an undetermined period because the Court has not yet ruled on Plaintiff's Motion to Compel. On May 15, 2006, however, Plaintiff sought an extension of the dispositive motion deadline, in part because of the then-outstanding Motion to Compel. At that time, however, Plaintiff's counsel suggested a

specific date when Defendants' Motion for Summary Judgment would be due.  At that time, Plaintiff's suggested extension also set a date certain when Plaintiff's Response would be due.  Now that Defendants have filed their Motion for Summary Judgment, Plaintiff's counsel **insists** that a new extension be granted for the same reasons—this time with no set date for a Response.

When Defendants' counsel agreed to Plaintiff's requested extension in May 2006, it was clear that Plaintiff's Motion to Compel had not yet been resolved and may not be resolved before the due date for Plaintiff's Response.  Had Plaintiff's counsel insisted on an unspecified extension **for all parties** in May 2006, Defendants may have agreed.  Instead, Plaintiff's counsel first suggested an extension for a date certain and now that Defendants have filed their Motion for Summary Judgment Plaintiff now seeks an extension for an unspecified duration.

It is worth noting that this case was filed in 2005, nearly four (4) years after the alleged discriminatory treatment.  Throughout the litigation in this matter, it has become apparent that the delay in filing suit has resulted in witnesses becoming unavailable and witnesses having limited recall of relevant facts.  During the instant litigation, Plaintiff has sought multiple extensions of deadlines for a specified time, to which Defendants have agreed in every instance.  Plaintiff's current request for an unspecified extension, however, jeopardizes the current schedule for the case and likely will result in a trial date several months after the trial date anticipated by the Court and the parties during the Scheduling Conference in January 2006.  Certainly, the Court's currently-scheduled Status Conference on October 13, 2006 is already jeopardized by even a thirty day extension of the current deadlines.

Lastly, when Plaintiff sought an extension of the dispositive motion deadline in May 2006, one of Plaintiff's counsel's reasons for the extension was a trial setting in June 2006. Defendants agreed to the extension to permit Plaintiff's counsel a full thirty days after the trial to respond to the Motion for Summary Judgment. Now, Defendants' counsel has a trial setting in late September 2006 and another in October 2006. It is highly likely that Plaintiff's proposed extension will place Defendants' counsel in the same position Plaintiff's counsel confronted in May 2006. This may necessitate another extension of the deadline for Defendants to Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment. If, however, the parties set a schedule, Defendants' counsel's schedule and Plaintiff's counsel's schedule could be accommodated without the need for additional extensions and motions filed with this Court.

As an alternative, Defendants propose the following two options:

(1)     Plaintiff's Response to Defendants' Motion for Summary Judgment is due by August 10, 2006 with Defendants' Reply due thirty days thereafter. Should either party believe that supplemental briefing is required as a result of documents produced after July 14, 2006, that party may file a supplemental brief within thirty days of the date the document is produced, with a response due thirty days after the supplemental brief is filed. In such a case, no Reply Brief will be permitted.

(2)     Plaintiff's Response to Defendants' Motion for Summary Judgment is due two weeks after the Court rules on Plaintiff's Motion to Compel and any additional documents are produced. Defendants' Reply Brief is due thirty days thereafter. This provides Plaintiff's counsel with a minimum of six weeks to respond to Defendants' Motion for Summary Judgment

and two weeks to digest and incorporate no more than seventy-one pages of additional documents.[1]

Unfortunately, Plaintiff's counsel only permitted Defendants' counsel 24 hours to either consent to or oppose Plaintiff's request for an extension.  Given the limited dialogue permitted before Plaintiff filed his Motion for Extension, these options were never discussed and no meaningful negotiations were held.  Therefore, Defendants' counsel is unaware if either of these options is tenable for Plaintiff.

---

[1] A review of the total number of pages currently in dispute (including fax cover sheets and nearly 20 pages relating to a former employee's Charge of Discrimination wholly unconnected with Plaintiff) reveals that only seventy-one pages are being withheld by Defendants, as compared to the approximately 2500 pages previously produced.

Ultimately, Defendants do not oppose **some** extension of time for Plaintiff to respond to Defendants' Motion for Summary Judgment.  Defendants only seek a reasonable solution that is fair to all parties.  For this reason, Defendants respectfully request this Court **grant** Plaintiff's request for an extension but **deny** the specific relief requested in favor of a more equitable solution.

Dated:  July 17, 2006                    Respectfully submitted,

        /s/  Amy L. Bess
Amy L. Bess, D.C. Bar No. 418985
Sonnenschein Nath & Rosenthal LLP
1301 K Street, NW, Suite 600, East Tower
Washington, DC 20005
202-408-6400 – Telephone
202-408-6399 – Facsimile
abess@sonnenschein.com


        /s/  Michael E. Coles
Michael E. Coles
The Coles Firm, P.C.
3838 Oak Lawn Ave., Suite 1825
Dallas, Texas 75219
214-443-7862 – Telephone
972-692-7145 – Facsimile
mikec@colesfirm.com

Counsel for Defendants Omni Hotels
Management Corporation and
Omni Hotels Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2006, I caused a copy of the foregoing Defendants' Memorandum in Opposition to Plaintiff's Contested Motion to Enlarge Time to Respond to Defendants' Motion for Summary Judgment to be filed with the Court and served upon the following via the Court's Electronic Case Filing System:

>Leizer Z. Goldsmith
>Kristen L. Walsh
>The GoldSmith Law Firm, LLC
>1900 L Street, NW Suite 614
>Washington, D.C. 20036
>lgoldsmith@goldsmithfirm.com

>/s/ Amy L. Bess
>Amy L. Bess