IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAWFIK BOULOS,<br><br>    PLAINTIFF,<br><br>v.<br><br>OMNI HOTELS MANAGEMENT, ET. AL,<br><br>    DEFENDANTS. | CIVIL ACTION NO.<br>1:05-CV-1175-HHK<br><br>Next event:<br>Status Conference:<br>October 13, 2006 |

**PLAINTIFF'S NOTICE FILED IN RESPONSE TO DEFENDANTS' ASSERTIONS OF PRIVILEGE IN DEFENDANTS' THIRD AMENDED PRIVILEGE LOG**

Plaintiff Tawfik Boulos ("Boulos") previously filed a Motion to Compel, which Defendants opposed. The Court subsequently ordered Defendants to produce certain documents, and offered them the opportunity to amend their privilege log. On July 14, 2006, Defendants filed a third amended privilege log setting forth their claims of privilege in greater detail, as ordered by this Court on June 29, 2006. [Doc. No. 21]. In an effort to assist the Court in ruling on Plaintiff's Opposition to Defendants' assertions of privilege, as argued fully in "Plaintiff's Reply To Defendants' Response To Plaintiff's Motion To Compel And Opposition To Defendants' Motion For A Protective Order" [Doc. No. 16]. By this Notice, Boulos contends that numerous of Defendants' allegedly "privileged" documents are in fact not privileged.

Relying on the arguments set forth in Boulos' earlier-filed Opposition, referenced above, Boulos reasserts his challenges to Defendants' claims of work product privilege

as to documents Bates stamped 2385-2387, 2309-2310, 2395-2396, 2307, 2308, 2383, and 2384.

Boulos also challenges any claim to privilege as to documents Bates-stamped by Defendants as 1818-1827. Defendants indicate that these documents are privileged due to the fact that they were delivered to Paul Jorge, Assistant Counsel for Omni Hotels. Defendants describe these documents as notes to file and e-mails drafted by Jean Allen – a Human Resources Director. Initially, Boulos notes that in Defendants' original privilege logs, Jean Allen, Chuck Wing and Peter Austin were the only parties referenced as to these documents—no attorneys were referenced. Even more troublesome is that Defendants also state that these documents were prepared on February 23, 2005 by Jean Allen. Jean Allen testified in her deposition, however, that she was no longer employed by Omni as of 2005. Thus, it is completely implausible that Allen would have drafted these documents at that time. Defendants appear to be asserting incorrectly, at least in part, that these documents are privileged because they were delivered to counsel years after they were drafted.

Finally, Boulos notes that Defendants have not reasserted a claim of privilege as to documents Bates-stamped by Defendants as 2080 and 2081-2085. Defendants have not yet produced these documents, however.[2] Defendants assert work product privilege as to the document Bates-stamped number 2116, however, they produced this documents to Plaintiff on July 12, 2006. Per Judge Kay's order, Boulos contends that

---

[2] Boulos notes that Defendants did not produce the documents ordered by this Court to be produced in its June 29th order until July 12, 2006.

Defendants, through production, have waived any claim to privilege as to this document.

Boulos does not challenge the assertion of attorney-client privilege as to document Bates stamped numbers 1629-1633, 2086-2090, 0418, 0419-0424, 2382, 2091-2099, 2100-2107, 2108-2113, 2114-2115, and 2388-2394.

        Respectfully submitted,

        THE GOLDSMITH LAW FIRM, LLC


        _____/s/_____
        Leizer Z. Goldsmith (D.C. Bar No. 419544)
        Kristen L. Walsh (D.C. Bar No. 495767)
        1900 L Street, N.W., Suite 614
        Washington, D.C. 20036
        Telephone: (202) 775-0040
        Facsimile: (202) 775-0005

        Attorneys for Plaintiff Tawfik Boulos

**CERTIFICATE OF SERVICE**

      I certify that I served by Electronic Mail the following counsel with one copy of the foregoing Notice this 19th day of July 2006:

Mike Coles,Esq.
Lisa T. Edwards, Esq.
The Coles Firm, P.C.
3838 Oak Lawn Ave, Suite 1825
Dallas, TX 75219
214-443-7832 (phone)
972-692-7145 (fax)
Attorney for Defendants


Adam Marker