UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| TAWFIK BOULOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1175 |
| ) | (HHK) (AK) |
| OMNI HOTELS MANAGEMENT, *et. al*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

The Defendants, by order of this Court, filed their Third Amended Privilege Log [24] on July 14, 2006. Plaintiff then filed a Notice Filed in Response to Defendants' Assertions of Privilege in Defendants' Third Amended Privilege Log [26] ("Notice"), renewing their challenge of Defendants' claims of privilege for several of the documents listed.

Plaintiff challenges the claims of privilege for those documents Bates-stamped 2385-2387, 2309-2310, 2395-2396, 2307, 2308, 2383, and 2384. Defendants claim work product protection on all of these documents. Because it is not clear from the amended log that privilege is merited as to these documents, Defendants will produce them for *in camera* review.

Plaintiff also challenges Defendants' claim of privilege for documents 1818-1827. The author of these documents, Jean Allen, was no longer employed with Omni Hotels on the date the emails and notes were supposedly created. (Notice at 2.) It appears, therefore, that Defendants are basing their claim of attorney client privilege on the fact that counsel viewed the documents at some later date. Non-privileged communications do not become privileged simply

by virtue of repetition to counsel.  See Neuder v. Battelle Pac. Nw. Nat'l Lab., 194 F.R.D. 289, 295 (D.D.C. 2000).  Defendants will therefore produce the documents for *in camera* review.

Defendants also continue to claim privilege for document Bates-stamped 2116, even though the Court previously rejected Defendants' claim.  See Memorandum Order at 5 (D.D.C. June 29, 2006).  Defendants did not seek reconsideration of this Court's order.  Moreover, Defendants in fact turned over the document to the Plaintiff, thereby waiving any privilege that might have existed.  See In re Sealed Case, 877 F.2d 976, 980 (D.C. Cir. 1989)

Finally, Defendants have failed to update their privilege log with respect to two documents encompassed within this Court's previous order.   Documents numbered 2080 and 2081-5 do not appear in the Third Amended Privilege Log, nor have Defendants produced them.  Because Defendants appear to no longer be claiming privilege with respect to these documents, Defendants shall produce them to Plaintiff.

Accordingly, it is this _20th_ day of July , 2006 hereby

ORDERED that the Defendants will produce documents nos. 2385-2387, 2309-2310, 2395-2396, 2307, 2308, 2383, 2384, and 1818-1827 for *in camera* review by close of business on July 25, 2006, and it is

FURTHER ORDERED that Defendants have waived any privilege that might have attached to document no. 2116, and it is

FURTHER ORDERED that Defendants will produce documents nos. 2080 and 2081-5 to Plaintiffs by close of business on July 25, 2006.

SO ORDERED.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE