UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAWFIK BOULOS, )<br>)<br>   Plaintiff, )<br>)<br>   v. )<br>)<br>OMNI HOTELS MANAGEMENT, *et. al*, )<br>)<br>   Defendants. )<br>) | Civil Action No. 05-1175<br>(HHK) (AK) |

## ORDER

Defendants Omni Hotels Management ("Omni") filed their Third Amended Privilege Log [24] on July 14, 2006 as ordered by this Court. Plaintiff entered a Notice Filed in Response to Defendants' Assertions of Privilege in Defendants' Third Amended Privilege Log [26] ("Notice"), renewing their challenge of Defendants' claims of privilege for several of the documents listed. Based on this amended privilege log, the Court ordered Defendants to produce several of the documents for in camera review. Upon review of the disputed documents, the Court find that all but one group of documents are privileged.

    **I.**    **Documents Relating to "Other Charges"**

The documents Bates-numbered 1819-20, 2385-2387, 2309-2310, 2395-2396, 2307, 2308, 2383, and 2384 all involve the employment history of another former Omni employee. The Defendants state in their Amended Privilege Log ("Am. Privilege Log") that these documents are responsive to Plaintiff's request for "documents related to other charges at the

hotel." (Am. Privilege Log at 1-4.)  Defendants also claim that these documents are protected as work product prepared in anticipation of litigation under Fed. R. Civ. P. 26(b)(3).  Although these documents do not relate to the litigation at hand, Defendants need only demonstrate that they had in mind "a specific claim supported by concrete facts which would likely lead to litigation." Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 865 (D.C. Cir. 1980).  The fact that the Plaintiff in that particular case was not Mr. Boulos is not important, as "the work product immunity is not lost... if the document was not prepared in anticipation of the present litigation so long as it was prepared in anticipation of *some litigation* by a party to the present litigation."  Western Trails, Inc. v. Camp Coast to Coast, 139 F.R.D. 4, 9 (D.D.C. 1991), quoting Eckert v. Fitzgerald, 119 F.R.D. 297, 299 (D.D.C. 1998).  Because these documents were written in response to an existing discrimination claim or in preparation for an imminent claim, they are privileged.

Plaintiff's assertion that the documents cannot be privileged because no party involved is a lawyer is incorrect.  Work product protection will still apply when a document is prepared in anticipation of litigation by the party's representative, a broad category which includes an "attorney, consultant, surety, indemnitor, insurer, or agent."  Fed. R. Civ. P. 26(b)(3).  Therefore the documents are still protected as long as they were clearly prepared in anticipation of litigation.  Hertzberg v. Veneman, 273 F. Supp. 2d 67, 77 (D.D.C. 2003).

**II.    Documents Regarding Mr. Boulos' Employment**

The remaining documents, Bates nos. 1818 and 1821-1827 consist of a fax and cover page sent from Ned Webster, Director of Human Resources, to Paul Jorge, the Assistant General Counsel for Defendants in February of 2005.  The fax contains several memoranda and e-mails

written in 2001 by Jean Allen regarding Mr. Boulos' medical condition during his last few weeks of employment with Defendants.  Defendants claim that work product protection applies to the notes and e-mails as documents prepared in anticipation of litigation, and that Attorney-client privilege applies to the documents as a group because they were forwarded to the in-house counsel.  (Am. Privilege Log at 5.)

With respect to the claim of work product, Defendants have failed to demonstrate that the documents were prepared in anticipation of litigation.  A document that would have been created whether or not litigation was foreseen should not be protected because it cannot fairly be said to have been prepared *because* of antipated litigation. See United States v. Adlman, 134 F.3d 1194, 1202-3 (2d Cir. 1998); Banks v. Office of the Senate Sergeant-at-Arms, 228 F.R.D. 24, 26 (D.D.C. 2005).  Here, there is no evidence that the documents were prepared with any specific claim in mind.  See Hyman v. First Union Corp., 1997 U.S. Dist. Lexis 18010, at *9 (D.D.C. 1997).  Defendants claim in their privilege log that the documents were created in anticipation of Plaintiff's likely appeal of the denial of his claim for workers compensation benefits.  (Am. Privilege Log at 5.)  A review of the documents, however, reveals that the memoranda and e-mails simply summarize and memorialize conversations between Plaintiff and Omni regarding whether he would be returning to work following his injury, and if so, when.  The content of the documents reflects routine personnel issues of the sort that would likely have been created regardless of any litigation that Omni might conceivably have anticipated.  A party cannot assert work product protection by using hindsight to say that documents were prepared in anticipation of litigation simply because litigation did, in fact, follow.  Documents created under such circumstances are not protected by attorney work-product doctrine.  See Linde Thomson

Langworthy Kohn & Van Dyke, P.C. v. Resolution Trust Corp., 5 F.3d 1508, 1515-16 (D.C. Cir. 1993) (finding communications between insurer and insured not protected by work product).

Defendants also claim that because these documents were forwarded to Omni's Assistant General Counsel, they are privileged as attorney-client communication. (Am. Privilege Log at 5.) However, simply forwarding a document to an attorney does not necessarily make it privileged. Attorney-client privilege protects "only those disclosures... which might not have been made absent the privilege." Pacamor Bearings, Inc. v. Minebea Co., Ltd., 918 F. Supp. 491, 510 (D.N.H. 1996). The fact that counsel is party to some communication, is present at a meeting, or receives a forwarded document does not necessarily shield a document from disclosure, nor can "a corporate client... conceal a fact by disclosing it to a corporate attorney." Neuder v. Battelle Pac. N.W. Lab., 194 F.R.D. 289, 293 (D.D.C. 2000). The fact that these documents were attached to the fax sent from Mr. Webster to Mr. Jorge is irrelevant. See Pacamor, 918 F. Supp. 511; Willingham v. Ashcroft, 2005 U.S. Dist. Lexis 22258, at *17-18 (D.D.C. 2005).

Accordingly, for the reasons set forth herein, it is this _7th_ day of August hereby

ORDERED that the documents numbered 1819-20, 2385-2387, 2309-2310, 2395-2396, 2307, 2308, 2383, and 2384 merit work product protection, and it is

FURTHER ORDERED that Defendants shall produce documents 1818 and 1821-1827 to Plaintiff.

SO ORDERED.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE