IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SANDRA TAYLOR,
11236 Cherry Hill Rd., Apt. T-1
Beltsville, Maryland 20705

and

**CIVIL ACTION NO. 05-0002031**

TAWFIK BOULOS
501 W. Lake St.
McCall, ID 83638

      **Plaintiffs,**

vs.

OMNI HOTELS MANAGEMENT
CORPORATION,
420 Decker Dr.
Irving, Texas 75062

and

OMNI HOTELS CORPORATION
420 Decker Dr.
Irving, Texas 75062

      **Defendants.**

## DEFENDANTS' RESPONSE TO PLAINTIFFS' INTERROGATORIES

**To:** Plaintiffs, Sandra Taylor and Tawfik Boulos, by and through their attorney of record, Leizer Z. Goldsmith, 1900 L Street, NW Suite 614, Washington, D.C. 20036.

Defendant Omni Hotels Management Corporation and Omni Hotels Corporation ("Defendant") hereby serve the following Responses to Plaintiff's Interrogatories.

RESPONSES TO INTERROGATORIES:

**Interrogatory No.1**
    Identify all person(s) who participated in Answering Plaintiffs' First Interrogatories and Document Requests, and all persons and documents consulted or relied upon in formulating the response, and describe in detail what each individual

contributed and the basis of each person(s)' knowledge with respect to each interrogatory and document request.

**Response No. 1**

See Defendant's Disclosures.

**Interrogatory No.2**
State each and every fact that supports any and all defenses you are asserting in this case.

**Response No.2**
See the Defendant's documents produced in response to Plaintiff's Requests for Production.

**Interrogatory No. 3**
With regard to the paragraphs of the Complaint to which your Answer indicated that you either denied the allegations or stated you lacked sufficient information to provide a response, please provide any and all information that you do possess, that tends to negate, controvert or confirm any assertion contained within each such particular Complaint paragraph. If you lack any such information, please indicate this with regard to each such particular Complaint paragraph.

**Response No. 3**
Defendant objects to the foregoing Interrogatory on the basis that the Interrogatory is vague. Subject to and without waiving the above objection, see Defendant's documents produced in response to Plaintiff's Requests for Production.

**Interrogatory No. 4**
State the name(s), address(es), and job title(s) of the custodian(s) of records relating to this case.

**Response No. 4**
Joy Rothschild, Senior VP, Human Resources
c/o The Coles Firm, 3838 Oak Lawn Ave., Suite 1825, Dallas, Tx 75219.

**Interrogatory No. 5**
Identify each person whom the Defendants may call as an expert witness, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

**Response No. 5**
Defendant hereby relies upon and incorporates its Disclosures, and any supplements thereto. Defendant will provide a witness list in advance of trial in accordance with the rules of the court.

**Interrogatory No. 6**
Identify all individuals who could have discoverable information relating to the claims and defenses in this case, including but not limited to information relating to the assertions set forth in Plaintiffs' complaint. Include all such individuals' home and business addresses, work and residence telephone numbers, dates of employment with Defendants, and job title. Describe in detail each individual's knowledge, specify those individuals whom the Defendants are considering calling as witnesses in this case, and describe in detail the expected subject matter of potential testimony.

**Response No. 6**
Defendant objects to the foregoing interrogatory on the basis that the interrogatory seeks to require Defendant to anticipate its evidence in advance of trial. Defendant hereby relies upon and incorporates its Disclosures, and any supplements thereto. Defendant will provide a witness list in advance of trial in accordance with the rules of the court.

**Interrogatory No. 7**
Describe Said El Khodary's (sic) employment relationship with Defendants, including whether or not he remains employed and if so, his current position, title, salary, and if he does not remain employed, describe the facts and circumstances of his being hired and released from Omni Shoreham Hotel or Omni Hotels, Inc. In answering, include a description of whether he resigned voluntarily or was removed for any reason, and if Defendants engaged in an action to effect his removal, who specifically made that decision and the reasons for that decision.

**Response No. 7**
Defendant objects to the foregoing Interrogatory on the basis that the Interrogatory is not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, please see Said Elkhodary's personnel file.

**Interrogatory No. 8**
If you maintain that the Defendants' response to Taylor's harassment complaints was sufficient to shield the Defendants from liability as a matter of law, please set forth each and every action taken by Defendants that you maintain was part of its legally sufficient course of conduct.

**Response No. 8**
Plaintiff Taylor never complained of racial harassment.

**Interrogatory No. 9**
State whether there has been a formal complaint and/or lawsuit alleging discrimination, harassment or retaliation since 1998, by an employee other than Sandra Taylor and/or Tawfik Boulos, relating to actions at Omni Shoreham Hotel. If so, state the name, last known address, and last known telephone number of the complainant(s), as well as the forum of the complaint or charge, the case number, and the final disposition of the charge(s) if any.

**Response No. 9**
Defendant objects to the foregoing Interrogatory on the basis that the Interrogatory is not calculated to lead to the discovery of admissible evidence and is overly broad.

**Interrogatory No.10**
State whether Omni Shoreham Hotel, since 1998, ever conducted an internal investigation or inquiry regarding alleged harassment at its workplace. If your answer is in the affirmative, state the date(s) of the investigation, and the name and last known address of the person(s) who conducted the investigation. Also describe the nature and conclusions of the investigation.

**Response No.10**
Defendant objects to the foregoing Interrogatory on the basis that the Interrogatory is not calculated to lead to the discovery of admissible evidence and is overly broad.

**Interrogatory No.11**
Identify all individuals who have complained of harassment and/or mistreatment by Said El Khodary(sic), including their home and business addresses, work and residence telephone numbers, dates of employment with the Defendants, and the job title. Describe in detail each person(s)' complaint and what actions if any, the Defendants took in response to those complaints. Specify those individuals whom the Defendants are considering calling as witnesses in this case, and the expected nature of their testimony.

**Response No.11**
Defendant objects to the foregoing Interrogatory on the basis that the Interrogatory is not calculated to lead to the discovery of admissible evidence and is overly broad.

**Interrogatory No. 12**
If you allege that any aspect of either Plaintiff's performance was unsatisfactory, state each and every fact in support of your allegation. If you allege that a Plaintiff was not in conformity with or violated any policies, procedures or practices, identify that policy, procedure or practice and describe how that Plaintiff's behavior departed from it.

**Response No.12**
   Defendant alleges that Plaintiff Taylor resigned from her employment; Defendant alleges that Plaintiff Boulos was unwilling to return to work after being cleared to return to work.

**Interrogatory No.13**
   State the names, addresses, telephone numbers and job titles and ages, of any and all employees who took over a Plaintiff's job duties at any time after a Plaintiff's termination, and describe which duties each such employee undertook. Explain the circumstances under which a Plaintiff's immediate successors and any later successors undertook the work. State whether any of a Plaintiff's successors described in response to this Interrogatory had complained of discrimination prior to their selection.

**Response No.13**
   Cedric White immediately replaced Sandra Taylor as Laundry Manager; Quentin Legg immediately replaced Tawfik Boulos as Executive Housekeeper.

**Interrogatory No. 14**
   Describe the policies, procedures and practices for the processing of workers' compensation claims for on-the-job injuries.

**Response No.14**
See Defendants policy manual regarding worker compensation claims.

**Interrogatory No.15**
   Identify all individuals who filed workers' compensation claims for on the job injuries at Omni Shoreham Hotel since 1998, and whether or not their claims were approved, the reasons underlying the approval or rejection of the claim and the duration the individual received workers' compensation payments.

**Response No.15**
   Defendant objects to the foregoing Interrogatory on the basis that the Interrogatory is not calculated to lead to the discovery of admissible evidence and is overly broad.

**Interrogatory No.16**
   Describe the events of September 10, 2001, surrounding Tawfik Boulos' separation form employment. Identify all individuals involved and the statements each person made.

DEFENDANTS' RESPONSE TO PLAINTIFFS' INTERROGATORIES                                         Page 5

**Response No.16**
See the Defendant's documents produced in response to Plaintiff's Requests for Production.

**Interrogatory No.17**
State each Plaintiff's job title and describe each Plaintiff's duties for the three years prior to each Plaintiff's separation form employment.

**Response No.17**
See the Defendant's documents produced in response to Plaintiff's Requests for Production.

**Interrogatory No.18**
State whether Defendants maintain insurance policies that may cover any part of a judgment in this matter. If so, provide the limits of the coverage, the name of the carrier and the policy number.

**Response No.18**
Defendant objects to the foregoing Interrogatory on the basis that the Interrogatory is not calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, Defendant has not filed an insurance claim regarding the instant litigation.

Dated: October 19, 2005.

Respectfully submitted,

THE COLES FIRM P.C.

By: /s/ Michael E. Coles

Michael E. Coles
Texas Bar No. 24007025
*Admitted Pro Hac Vice*
3838 Oak Lawn Ave, Suite 1825
Dallas, TX 75219
214-443-7862 (phone)
972-692-7145 (fax)

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on  October 19 , 2005, a true and correct copy of the foregoing instrument was served by Federal Express on Leizer Z. Goldsmith, Attorney for Plaintiff, 1900 L. Street, NW Suite 614, Washington, D.C. 20036.

Michael E. Coles