IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TAWFIK BOULOS** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| vs. : | |
| : | |
| **OMNI HOTELS MANAGEMENT** : | Case No. 1:05-CV-1175-HHK |
| **CORPORATION,** : | |
| : | Next Event: |
| and : | Status Conference: |
| : | December 18, 2006 |
| **OMNI HOTELS CORPORATION** : | |
| : | |
| **Defendants.** : | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT[1]**

Defendant Omni Hotels Management Corporation ("Defendant" or "Omni") submits this Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment. Defendant maintains its Motion for Summary Judgment against Plaintiff Boulos on the grounds that Plaintiff has no competent summary judgment evidence that he was terminated in retaliation for supporting Sandra Taylor in her charge of racial discrimination in violation of 42 U.S.C. § 1981.

## I.   INTRODUCTION

Plaintiff sued Omni for retaliation based on Plaintiff's support of Sandra Taylor's racial discrimination complaint. Omni in turn moved for summary judgment on Plaintiff's claims on the grounds that Plaintiff has no competent summary judgment evidence that he was terminated in retaliation for supporting Sandra Taylor in her charge of racial discrimination in violation of 42 U.S.C. § 1981. Plaintiff opposed Defendants' Motion for Summary Judgment claiming that

---

[1] Since Plaintiff, in his Opposition to Defendants' Motion for Summary Judgment, has consented to the dismissal of Omni Hotels Corporation, only Defendant Omni Hotels Management Corporation files this Reply. Additionally, included with this Reply is a Proposed Order of Dismissal for Defendant Omni Hotels Corporation.

Defendant's legitimate, non-discriminatory reason for Plaintiff's discharge is pretextual. Defendant now submits this Reply maintaining its Motion for Summary Judgment on the grounds that Plaintiff has failed to present any disputed material fact and the undisputed facts entitle Defendant to summary judgment.

## II.  PLAINTIFF FAILED TO CREATE A DISPUTED FACT ISSUE

In his Opposition to Defendants' Motion for Summary Judgment, Plaintiff Boulos provided multiple facts which he claims are disputed and require a trial on the merits.[2] Importantly, though, Plaintiff tried to manufacture a disputed fact issue as to the following issues:

1. Plaintiff's belief that Peter Austin threatened Plaintiff upon his return to work on September 8, 2001; and

2. Defendant's refusal to provide Plaintiff with light duty work after September 10, 2001.

Plaintiff's Statement of Disputed Material Facts includes three (3) statements regarding a "threat" made by Austin. See Plaintiff's Statement of Facts Nos. 82-84. These statements, however, are wholly unsupported by the record. In these statements, Plaintiff claims: (1) Peter Austin "threatened [Plaintiff's] employment" by showing Plaintiff a "freshly outlined" list of Plaintiff's job duties including a reference to Defendant's progressive disciplinary process; (2) Austin made this "threat" despite the lack of any performance problems by Plaintiff prior to his injury; and (3) Austin admitted "such a threat of discipline" was normally not made until repeated performance problems were noted. *Id*. First and foremost, Plaintiff's cites to the record provide no evidence that Austin "threatened" Plaintiff's employment. On the contrary, in

---

[2] Defendant has addressed each of Plaintiff's presented facts in Defendant's Response to Plaintiff's Statement of Facts (attached hereto as Exhibit 1 and incorporated herein by reference). In Defendant's Reply to Plaintiff's Response to Defendants' Statement of Undisputed Material Facts (attached hereto as Exhibit 2 and incorporated herein by reference) Defendant also has addressed each of Plaintiff's responses to Defendant's presented facts.

- 3 -

Plaintiff's deposition Plaintiff only stated that Austin "brought in" the document outlining Plaintiff's job duties. Boulos Dep. at 156:11-15. Furthermore, Plaintiff testified in his deposition that the duties outlined were the duties that Plaintiff normally performed as Director of Housekeeping. *Id*. at 156:19-21. At no time did any witness ever testify that Austin threatened Plaintiff. With no support in the record, Plaintiff cannot create a fact dispute on this issue.

It is also undisputed by both parties that: (1) Plaintiff's job duties were modified while he was on workers' compensation leave; (2) Plaintiff requested a modification of his job duties following the expiration of Plaintiff's workers' compensation leave; (3) Austin had the authority to modify Plaintiff's job duties; and (4) Austin elected not to modify Plaintiff's job duties. Plaintiff's Statement of Facts Nos. 92, 94, 96-98. Plaintiff provided a litany of additional facts related to the modification of Plaintiff's job duties (all of which have been addressed by Defendant), but the four undisputed facts above summarize the issue. The result, then, is that both parties agree that whether or not Plaintiff would receive a modification of his job duties was entirely at the discretion of Defendant – more specifically, Peter Austin. As such, Plaintiff is unable to create a disputed fact issue. Rather, the true issue becomes one of law – did Plaintiff point to a similarly situated employee who *did* receive a modification of job duties.[3] Plaintiff should not be allowed to twist a question of law into a manufactured disputed fact issue so as to avoid summary judgment.

### III. PLAINTIFF CANNOT ESTABLISH A RETALIATORY DISCHARGE CLAIM BECAUSE HE CANNOT SHOW THAT HE WAS QUALIFIED FOR THE JOB

In order to establish a claim for discriminatory discharge (whether it is based on retaliation, race, religion, or some other protected category), Plaintiff first must show that he was

---

[3] This issue is more fully addressed below in Section IV

- 3 -

qualified for the job from which he was terminated.  *Carter v. George Washington University*, 387 F.3d 872, 878 (D.C. Cir. 2004) (holding that in retaliation cases, the plaintiff must show "[she] was qualified for that position") (quoting *Morgan v. Fed. Home Loan Mortg. Corp.*, 328 F.3d 647, 651 (D.C. Cir. 2003));[4] *Al-Zubaidy v. TEK Industries, Inc.*, 406 F.3d 1030, 1037 (8th Cir. 2005) (holding that the plaintiff "failed to establish a prima facie case because he was not qualified for his position at the time he was discharged – he was unable to work at all"); *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005) (same); *Coghlan v. American Seafood Co., L.L.C.*, 413 F.3d 1090, 1094 (9th Cir. 2005) (holding that in a case of discriminatory termination the plaintiff must show that he was qualified for the position); *Baca v. Sklar*, 398 F.3d 1210, 1216 (10th Cir. 2005) (same); *Evans v. McClain of Georgia, Inc.*, 131 F.3d 957, 964 (11th Cir. 1997) (same); *Hill v. St. Louis University*, 123 F.3d 1114, 1119 (8th Cir. 1997) (same); *Jatoi v. Hurst-Euless-Bedford Hospital Authority*, 807 F.2d 1214, 1219 (5th Cir. 1987) (same).

Plaintiff has agreed and admitted that he was not qualified for the position of Executive Housekeeper at the time of his termination.  It is undisputed that upon Plaintiff's return to work on September 8, 2001, Plaintiff was unable to perform his job duties.  Plaintiff's Statement of Facts Nos. 85-86.  It is also undisputed that Plaintiff wanted a modified position until he could return to work at full capacity.  Plaintiff's Statement of Facts No. 92.

Plaintiff was unable to perform the requirements of his job and therefore he was not qualified for the position of Executive Housekeeper at the time of his termination.  As such, Plaintiff cannot establish a claim for retaliatory discharge.  Summary judgment therefore should be granted in favor of Defendant based on this fact alone and no further inquiry is necessary.

---

[4] Although this case dealt with retaliatory refusal to hire, the Court relied on the *McDonnell Douglas* framework, which is equally applicable to discriminatory discharge cases.  *See Richardson v. Nat'l Rifle Assn.*, 871 F. Supp. 499, 502 (D.D.C. 1994).

- 4 -

## IV. THE UNDISPUTED MATERIAL FACTS ENTITLE DEFENDANT TO SUMMARY JUDGMENT

In the event the Court finds that Plaintiff was qualified for the position of Executive Housekeeper at the time of his termination, the undisputed material facts still entitle Defendant to summary judgment.

### A. Plaintiff Cannot Establish a Prima Facie Case of Retaliation

In order to prove a prima facie case of retaliatory discharge under 42 U.S.C §1981, Plaintiff must establish that: (1) he engaged in protected behavior, (2) he was subject to an adverse action by his employer, and (3) there is a causal link between the adverse action and the protected activity. *Carney v. American University*, 151 F.3d 1090, 1095 (D.C. Cir. 1998). *See also Richardson*, 871 F. Supp. at 502 (the methods and order of proof under Title VII apply equally under Section 1981). Both Plaintiff and Defendant agree that Plaintiff engaged in a protected activity satisfying the first element of a prima facie case of retaliatory discharge. Additionally, both Plaintiff and Defendant agree that Plaintiff satisfies the second element of a prima facie case because Plaintiff was subjected to an adverse employment action – his termination. However, this is the extent of Plaintiff's prima facie case. Plaintiff is wholly unable to establish a causal connection between the adverse employment action and the protected activity.

The following facts are undisputed by either party:

- In June 2001, Plaintiff informed Omni that Plaintiff supported Sandra Taylor's discrimination claim (Plaintiff's Statement of Facts Nos. 37-38);

- In August 2001, Plaintiff remained employed by Defendant (Plaintiff's Statement of Facts No. 48);

- In early September 2001, Plaintiff informed Omni that Plaintiff would testify at Sandra Taylor's unemployment hearing that Plaintiff felt Taylor had been harassed based on her race (Plaintiff's Statement of Facts Nos. 57, 60, 64);

- After notifying Omni of his intent to support Sandra Taylor, Plaintiff remained employed by Defendant in September (Plaintiff's Statement of Facts Nos. 67b[5], 68);

- On September 6, 2001, Plaintiff testified in support of Sandra Taylor at Taylor's unemployment hearing (Plaintiff's Statement of Facts No. 65);

- On September 8, 2001, Plaintiff remained employed by Defendant and Plaintiff reported to work (Plaintiff's Statement of Facts No. 80);

- From September 8 -10, 2001, Plaintiff was unable to perform his duties (Plaintiff's Statement of Facts Nos. 85-87); and

- Plaintiff was terminated on September 10, 2001 (Plaintiff's Statement of Facts Nos. 88, 95.

It is settled law that "no causal connection can exist between an employee's protected activity and an employer's alleged retaliatory action where similar action occurs both before and after the protected employee activity, and there is no evidence of an intervening retaliatory animus." *Hamilton v. Independence Blue Cross*, 2005 WL 453097 at *5, No. Civ. A. 03-6444 (E.D. Penn. Feb. 25, 2005); *see also Clark County School District v. Breeden,* 532 U.S. 268, 272 (2001) (holding that employers "proceeding along lines previously contemplated…is no evidence whatever of causality"); *Shaner v. Synthes*, 204 F.3d 494, 504-05 (3rd Cir. 2000) (holding that actions taken both before and after an employee made his employer aware that he suffered from a disability prevented any causal connection); *Duncan v. Washington Metropolitan Area Transit Authority*, 425 F. Supp. 2d 121, 127 (D.D.C. 2006) (following *Breeden* and holding that there can be no causal connection where an employer takes adverse action against an employee following that employee's protected activity when the employer contemplated taking the adverse action before the employee initiated the protected activity).

---

[5] This factual statement appears in Plaintiff's Statement of Facts but is unnumbered. Since it is between Fact No. 67 and Fact No. 68, Defendant has arbitrarily numbered it Fact No. 67b for identification purposes.

The undisputed facts outlined above demonstrate there is absolutely no causal connection between Plaintiff's support for Sandra Taylor and Plaintiff's termination.  Although Plaintiff testified on September 6, 2001 and was terminated on September 10, 2001, Defendant was aware of Plaintiff's support for Sandra Taylor as early as June 2001.  Plaintiff's Statement of Facts Nos. 37-38.  Importantly, Plaintiff remained employed by Defendant throughout the entire month of August 2001.  Plaintiff's Statement of Facts No. 48.  Furthermore, it is undisputed that Austin presented Plaintiff with the following three options in late August 2001: (1) return to work with no restrictions; (2) resign; or (3) termination.  Plaintiff's Response to Defendants' Statement of Facts Nos. 28, 31.  In early September 2001, Plaintiff informed Omni that Plaintiff would testify at Sandra Taylor's unemployment hearing and testify that Plaintiff felt Taylor was harassed based on her race.  Plaintiff's Statement of Facts Nos. 57, 60, 64.  After notifying Omni of his intent to support Taylor, Plaintiff remained employed by Defendant.  Plaintiff's Statement of Facts No. 68.  Even after Plaintiff testified in support of Taylor on September 6, Omni still employed Plaintiff when he returned to work on September 8.  Plaintiff's Statement of Facts No. 80.  It is also undisputed that on September 10, 2001 during a meeting between Plaintiff and Austin, Austin presented Plaintiff with the same three options Austin presented in August: (1) work at full capacity; (2) resign; or (3) be terminated.  Plaintiff's Response to Defendants' Statement of Facts No. 38.

In light of the undisputed facts outlined above, Plaintiff cannot establish a causal connection between his support for Sandra Taylor and his termination.  Plaintiff cannot show, nor has he shown, that had he not supported Sandra Taylor and still been unable to work, Plaintiff would have been able to keep his job.  Moreover, Plaintiff cannot show that even had he supported Sandra Taylor and somehow been able to perform the functions of his job that he still

25186816\V-1

would have been terminated.  Because Plaintiff is unable to establish a prima facie case of retaliatory discharge, summary judgment should be granted in favor of Defendant.

Plaintiff also attempts to create a fact issue regarding his eligibility for light duty work. Defendant, however, does not dispute the following facts as claimed by Plaintiff: (1) Plaintiff was on light duty for more than one month following his injury; (2) Plaintiff requested light duty work following the termination of his workers' compensation benefits; and (3) Peter Austin, General Manager of the Omni Shoreham Hotel, could have altered Plaintiff's job duties but chose not to.  Plaintiff's Statement of Facts Nos. 92, 96, 98.  Thus there is no factual dispute. Even with these undisputed facts, summary judgment is still proper in favor of Defendant. Plaintiff was unable to perform the functions of his job.  Plaintiff's Response to Defendants' Statement of Facts No. 35.  While it is true that Plaintiff was permitted to perform light duty work at one time, this occurred while Plaintiff was covered by workers' compensation. Plaintiff's Response to Defendants' Statement of Facts No. 16.  Thus, Plaintiff's entire argument is based on Defendant's refusal to grant Plaintiff discretionary relief.

Plaintiff's argument is therefore one of disparate treatment.  As an argument for disparate treatment, Plaintiff must identify a similarly situated individual who was treated differently. *Holbrook v. Reno*, 196 F.3d 255, 261 (D.C. Cir. 1999) (holding that in order to prove disparate treatment, a plaintiff must show that "[he] and the similarly situated person were treated disparately").  Plaintiff has identified no similarly situated individual who was treated differently and thus there is no evidence of discrimination.

### B. Defendant Has Provided a Legitimate Non-Retaliatory Reason for Plaintiff's Termination

If this Court finds that Plaintiff is able to manufacture a prima facie case of retaliatory discharge, Defendant may provide a legitimate, non-retaliatory reason for Plaintiff's termination.

As of September 1, 2001, Plaintiff was released to full duty but was unable to fulfill the requirements of his position. As a result, Plaintiff was terminated. The following facts are undisputed:

- In late August 2001, Omni's worker's compensation insurance carrier, Zurich Insurance, notified Plaintiff that he would be required to return to work with no restrictions (Plaintiff's Statement of Facts Nos. 47-48);

- On September 8, 2001, Plaintiff returned to work (Plaintiff's Statement of Facts No. 85);

- On September 8, 2001, Plaintiff was unable to perform the full range of his job duties (Plaintiff's Response to Defendants' Statement of Facts No. 35);

- On September 10, 2001, Plaintiff asked for more time to recover from his injuries (Plaintiff's Statement of Facts Nos. 88, 91);

- Plaintiff had not worked for Defendant long enough to be eligible for time off under any of Defendant's company policies (Plaintiff's Response to Defendants' Statement of Facts No. 40);

- On September 10, 2001, Plaintiff was terminated (Plaintiff's Response to Defendants' Statement of Facts No. 45);

As shown through these undisputed facts, Plaintiff was unable to perform the functions of his position and he was therefore terminated. Defendant need only "articulate some legitimate, nondiscriminatory reason." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Defendant has done so here.

### C. Plaintiff Cannot Show Defendant's Reason Was a Pretext for Discrimination

In order to demonstrate pretext for retaliation, "plaintiff must prove by a preponderance of the evidence that the proffered reason was but a pretext for retaliation." *Barnes v. Small*, 840 F.2d 972, 978 n.4 (D.C. Cir. 1988). Plaintiff's belief that Omni's legitimate, non-retaliatory reason for terminating Plaintiff – Plaintiff's inability to perform the requirements of his job – was merely a pretext for retaliation rests solely on Plaintiff's argument that: (1) Plaintiff worked

for Omni on light duty for one month following Plaintiff's injury; (2) Plaintiff requested Austin modify Plaintiff's job duties following the termination of Plaintiff's worker's compensation benefits; (3) Austin refused to modify Plaintiff's job duties or put Plaintiff on light duty; and (4) Austin could have modified Plaintiff's job duties or put Plaintiff on light duty work. Plaintiff's Statement of Facts Nos. 92, 96, 98. Plaintiff, therefore, makes the argument that Defendant, at its discretion, should have placed Plaintiff on light duty work or otherwise modified his job duties but chose not to do so because Plaintiff supported Sandra Taylor. Plaintiff essentially makes a disparate treatment argument.

As an aside, Defendant also points to Plaintiff's Opposition Brief wherein Plaintiff argues, "Plaintiff's evidence of retaliation is not based on Zurich's actions…" Plaintiff's Brief in Opposition at 43. It is undisputed that Zurich made the decision to terminate Plaintiff's workers' compensation benefits. Plaintiff's Response to Defendants' Statement of Facts No. 61. Since Plaintiff stated that his evidence of retaliation is not based on Zurich's actions, Plaintiff cannot contest that Plaintiff was not eligible for workers' compensation benefits as of September 1, 2001 and therefore Omni was not required to modify Plaintiff's job duties. Consequently, Plaintiff must rely solely on Defendant's failure to provide a discretionary modification of Plaintiff's job duties. In doing so, Plaintiff must present a disparate treatment claim.

To establish a claim of disparate treatment, Plaintiff must identify a similarly situated individual who was treated differently. *See Holbrook*, 196 F.3d at 261 (holding that in order to prove disparate treatment, a plaintiff must show that "[he] and the similarly situated person were treated disparately"); *Scott v. Kempthorne*, 2006 WL 1980219 at *4, No. 04-8043 (10th Cir. July 17, 2006) (holding that one way for Plaintiff to show pretext is by showing that similarly situated employees were treated differently) (*citing Kendrick v. Penske Transp. Servs., Inc.,* 220 F.3d

1220, 1230 (10th Cir.2000)).  Plaintiff has failed to show any other similarly situated employee who was treated differently.  Furthermore, Plaintiff only directs the Court to one incident to support Plaintiff's argument that job duties can be modified.  Plaintiff's Statement of Facts No. 115 (noting that "[S]upervisor Charles Briggs purchased wrist supports and ergonomic chairs for employees suffering from carpal tunnel syndrome").  However, even assuming the "job modifications" for these employees were the same as those which the Plaintiff requested (which is not supported by the record), the record is devoid of any facts showing that these employees were similarly situated to Plaintiff.

Plaintiff also attempts to sidestep the issue of comparators by pointing to the fact that Plaintiff previously had his job duties modified when he was on light duty following his injury.  During that time, however, Plaintiff was on worker's compensation – a situation completely different from the time of Plaintiff's termination when Plaintiff was released to full duty.  Even so, Plaintiff still fails to show any similarly situated employee that requested a discretionary modification of job duties and was granted such.  As such, Plaintiff is wholly unable to prove that Defendant's stated reason – Plaintiff's inability to perform the requirements of his job – was a pretext for retaliation.

It should be noted that Defendants' Statement of Facts cited evidence in the record where Plaintiff admitted he knew of no similarly situated employees.  Defendants' Statement of Facts No. 53.  Rather than tackle this issue head-on, Plaintiff admitted that he knew of no similarly situated employees.  Plaintiff's Response to Defendants' Statement of Facts No. 53.  Admittedly, Plaintiff tried to avoid the issue entirely by admitting only that he knew of no one who met an extremely narrow description of his case.  *Id*.  Plaintiff's tongue-in-cheek admission, however, does not relieve Plaintiff of the burden when showing pretext.  *See Barnes*, 840 F.2d at 978 n.4

- 12 -

("plaintiff must prove by a preponderance of the evidence that the proffered reason was but a pretext for retaliation.") Because Plaintiff bears the burden regarding pretext and Plaintiff failed to identify a single comparator to establish disparate treatment, Plaintiff failed to establish pretext as a matter of law. As a result, Omni is entitled to summary judgment on Plaintiff's retaliation claim.

## V. CONCLUSION

For the foregoing reasons, Defendant Omni Hotels Management Corporation hereby requests this Court grant its Motion for Summary Judgment and that judgment be rendered in favor of Defendant.

Dated: October 19, 2006

Respectfully submitted,

/s/ Amy L. Bess
Amy L. Bess, D.C. Bar No. 418985
Sonnenschein Nath & Rosenthal LLP
1301 K Street, NW, Suite 600, East Tower
Washington, DC 20005
202-408-6400 – Telephone
202-408-6399 – Facsimile
abess@sonnenschein.com

/s/ Michael E. Coles
Michael E. Coles
The Coles Firm, P.C.
3838 Oak Lawn Ave., Suite 1825
Dallas, Texas 75219
214-443-7862 – Telephone
972-692-7145 – Facsimile
mikec@colesfirm.com

Counsel for Defendants Omni Hotels
Management Corporation and
Omni Hotels Corporation

25186816\V-1

- 13 -

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2006, I caused a copy of the foregoing Defendants' Reply To Plaintiff's Opposition To Defendants' Motion For Summary Judgment, Defendant's Responses To Plaintiff's Statement Of Disputed Material Facts, and Defendant's Reply To Plaintiff's Response To Defendants' Statement Of Undisputed Material Facts to be filed with the Court and served upon the following via the Court's Electronic Case Filing System:

>Leizer Z. Goldsmith
>The GoldSmith Law Firm, LLC
>5335 Wisconsin Avenue, NW, Suite 440
>Washington, D.C. 20015
>lgoldsmith@goldsmithfirm.com

      /s/ Amy Bess
Amy L. Bess

25186816\V-1